G. W. LEVERTON v. DANIEL RORK et ux.

No. 14,372. (85 Pac. 800.) .

PRACTICE, SUPREME COURT—*Finding that Deed Was a Mortgage* —*Review*. Where the trial court found, upon substantial testimony, that a deed absolute upon its face was a mortgage, it was said that the rule requiring clear and convincing proof in such cases did not authorize this court to retry the facts.

Error from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed June 9, 1906. Affirmed.

Leverton v. Rork.

*W. W. Guthrie,* and *W. F. Guthrie,* for plaintiff in error.

*A. B. Crockett,* and *T. A. Moxcey,* for defendants in error.

*Per Curiam:* In this case the findings of fact are supported by the evidence and justify the judgment of the court. The principal question was whether certain transactions, including the giving of instruments in the form of deeds, were intended as a transfer of the title to land or only as security for money loaned. The court found, upon substantial testimony, that deeds absolute on their faces were mortgages. It is insisted that the evidence in such cases should be clear, cogent, and convincing; that the testimony produced was not up to that standard; and that this court should now review and reweigh the evidence to determine its sufficiency. The district court was the trier of the facts, and presumably did apply the proper test in weighing the evidence. Its findings, when supported by substantial testimony, are binding upon this court. The existence of the rule requiring clear and convincing proof does not authorize this court to retry the facts. In this case, as in any other civil case, the credibility of the witnesses and the weight of the testimony belong to the trial court, and its finding will not be disturbed although we might arrive at a different conclusion from the evidence. Even in a criminal case, where the guilt of the defendant must be proven beyond a reasonable doubt, a verdict supported by substantial testimony is conclusive upon the reviewing court.

There is nothing substantial in the objections to the rulings upon evidence, nor do we find any ground for the reversal of the judgment.

The judgment is affirmed.