CHARLES N. WOODDELL *et al.* v. GUSTAF ALLBRECHT.

No. 16,155.

### SYLLABUS BY THE COURT.

SPECIFIC PERFORMANCE—*Oral Agreement to Convey Land—Proof —Presumption on Review.* Clear and satisfactory proof should be required to take the case of a parol contract for the conveyance of land out of the operation of the statute of frauds, but where the findings are supported by competent and substantial testimony it will be presumed that the district court applied the proper test in weighing the evidence and finding the facts.

Error from Reno district court; PETER J. GALLE, judge. Opinion filed October 9, 1909. Affirmed.

*Frank L. Martin,* for the plaintiffs in error.

*F. P. Hettinger,* and *James Hettinger,* for the defendant in error.

The opinion of the court was delivered by

BENSON, J.: This was a suit to compel the specific performance of an oral contract to convey real estate. The parties agree that such a contract was made, but disagree as to the estate to be conveyed. The plaintiff, Allbrecht, alleged that he was to have the land in fee simple for $20 per acre, while the defendants, Wooddell and wife, assert that an estate for the life of the vendee only was sold. The plaintiff took immediate possession of the land, made lasting and valuable improvements upon it, and paid the taxes. After holding and cultivating the land under the agreement for over five years, and after paying the consideration in full, the plaintiff demanded a conveyance. The defendants refused to convey the fee, but offered to convey a life-estate, which the plaintiff refused to accept. The court found for the plaintiff. The defendants allege error in the principal finding—that the agreement was to convey the land in fee instead of a life-estate.

The contract arose out of conversations between the plaintiff and defendant Charles N. Wooddell. According to the plaintiff's version of these conversations he purchased the land in fee and not a life-estate in it. His testimony was corroborated by witnesses who related statements made afterward by Mr. Wooddell tending to prove that he had made such sale. A mortgage which was afterward made by the defendants upon the same land, and which was read in evidence, contained a recital that it was "subject to a contract or bond for a deed to Gus Allbrecht." A real-estate agent testified that he had been authorized to sell the land at the price afterward paid by the plaintiff, and that at the request of Mr. Wooddell he assisted in this sale. On the other hand the defendants' version of the conversations out of which the contract arose, and of a conversation with Mrs. Wooddell afterward, tended to prove that the contract was for the sale of a life-estate only, the remainder to vest in their son. Witnesses for the defendants testified to statements made by the plaintiff tending to corroborate the defendants' testimony. Other circumstances were shown proper to be considered in finding the facts.

It is contended that specific performance can not be decreed unless it is shown by clear and satisfactory evidence that the possession was taken and that the improvements were made under the contract alleged by the plaintiff; that in this case these acts were as consistent with the contract testified to by the defendants as that claimed by the plaintiff; and that the evidence was therefore insufficient. The measure of proof required in this general class of cases is stated and the terms used in defining it are commented upon in *Winston v. Burnell*, 44 Kan. 367. Clear and satisfactory evidence should be required to take the case of a parol contract for the conveyance of land out of the operation of the statute of frauds (*Long v. Duncan*, 10 Kan. 294; *Baldwin v. Baldwin*, 73 Kan. 39, 46), but, where

47—80 KAN.

the findings are supported by competent and substantial testimony, it will be presumed that the district court applied the proper test in weighing the evidence and finding the facts. (*Leverton v. Rork,* 74 Kan. 832; *Anderson v. Anderson,* 75 Kan. 117; *Bichel v. Oliver,* 77 Kan. 696.)

Error is predicated upon testimony given in support of a finding of the court that the defendants had offered to sell this land to others at the same price for which it was sold to the plaintiff. This finding is not necessary to support the judgment. The fact, however, is corroborative of the principal finding, and the evidence supporting it was the testimony of the agent before referred to that he was authorized in the spring of 1901 to sell the land at $20 per acre; that in September following Mr. Wooddell told him that he had offered it to Allbrecht and could give a bond for a deed at that price, and asked him to "get after" Allbrecht and see if the sale could be made; and that soon afterward Mr. Wooddell said that he had made the sale. This evidence was competent and material. In the absence of restrictions the authorization of an agent to sell lands indicates an intention to transfer the full title of the prin cipal.

Error is also assigned upon the refusal to grant a new trial upon newly discovered evidence. As this alleged error is not referred to in the brief it may be inferred that it is not relied upon. We have read the affidavits, however, and find no error in the denial of the motion or in other proceedings.

The judgment is affirmed.