D. L. SCHOONOVER, *Appellee*, v. FRANK SCHOONOVER *et al.*, *Appellees*, and PHOEBE PATTON, *Appellant.*

No. 17,445.

### SYLLABUS BY THE COURT.

CONTRACT—*To Devise Real Estate—Specific Performance.* Where one has rendered services to another under an oral agreement that he is to be compensated by the devise of real estate, the contract may be enforced irrespective of the question of possession, where the services are of such a character that their value in money can not be satisfactorily determined.

Appeal from Kingman district court.    Opinion filed February 10, 1912.    Affirmed.

*John McKenna,* for the appellant.

*J. Q. Jenkins, John H. Connaughton, George L. Hay, Charles C. Calkin,* and *H. E. Walter,* for the appellees.

The opinion of the court was delivered by

MASON, J.:    In 1885 Samuel Leeper, sr., a widower, was the owner of a tract of land on which he lived.    In that year his daughter, Mary Schoonover (with her husband), began living with him, and after he died, in September, 1894, she continued in the occupancy of the land until her own death, in May, 1909, after which her heirs held possession.    In November, 1909, an action was brought for partition, in which a controversy was tried between Phoebe Patton, a daughter of Samuel Leeper, sr., who claimed an interest in the property as his heir, and Mary Schoonover's heirs, who claimed to own it all, first in virtue of an oral contract between her and her father that he was to devise the property to her in consideration of her caring for him during the remainder of his life, and second by reason of the fifteen-year statute of limitations.    The trial court found in favor of the heirs of Mary Schoonover, and Phoebe Patton appeals.

Full findings of fact were made. Some of these are attacked by the appellant as not supported by the evidence, particularly those to the effect that such a contract was made, and that Mary Schoonover performed her part of it. The evidence in this regard was not as explicit as might be desired, but we think it was sufficient to present an issue of fact for the determination of the trial court, and that all of the findings must stand. It is said that an oral contract for the conveyance of real estate can only be proved by clear and satisfactory evidence, but whether the evidence is of that character, where it has substantial probative force, is for the trial court to determine. (*Wooddell v. Allbrecht,* 80 Kan. 736, 104 Pac. 559.)

The findings will therefore be spoken of as the established facts of the case. The principal question of law arising upon them is whether there was such a performance of the oral contract on the part of Mary Schoonover as to take it out of the operation of the statute of frauds. (Gen. Stat. 1909, § 3838.) She lived with her father from 1885 to 1894, taking care of him during that time. In 1890 he was adjudged to be feeble-minded and a guardian of his person and estate was appointed. After his death she made various improvements upon the land, building a barn, an addition to the house, and some fencing, the total cost amounting to about $510. The appellant relies upon the doctrine that possession, in order to take a case out of the statute of frauds, must be notorious, exclusive, and in pursuance of the contract (*Baldwin v. Baldwin,* 73 Kan. 39, 84 Pac. 568), and maintains that here the possession of Mary Schoonover was not of this kind, because it was shared with her father until his death, and thereafter was constructively shared by her cotenants, she being one of several heirs. It may be sufficient to say that her possession was at all times as exclusive as the terms of the contract would permit

(*Taylor v. Taylor*, 79 Kan. 161, 99 Pac. 814), or the circumstances of the case allow. But a contract of this sort is subject to a somewhat different rule from that applicable to an ordinary parol contract for the conveyance of land. The courts are not in entire agreement, but by the weight of authority, and as we think in accordance with the reason of the matter, where one has rendered personal services to another under an oral agreement for compensation by the devise of real estate, the contract may be enforced irrespective of the question of possession, where the services are of such a character that their money value can not be satisfactorily estimated. This accords perfectly with the principle that the statute of frauds is not enforced against one who in reliance upon an oral contract has so far acted upon it that he can not be restored to his original situation, and can not be adequately compensated in damages. Clearly services performed under an agreement to care for a person until his death may be of such a nature that it is practically impossible to determine their reasonable value in money. The inquiry in each case must be whether they are of that kind. Here we think they were, because of their personal character, the time over which they were extended, the fact that Mrs. Schoonover and her husband were required to make their home with her father, necessarily conforming their plans and manner of life to this situation, and his condition in his later years. (*Bless v. Blizzard*, ante, p. 230, 120 Pac. 351.) The cases bearing on the question are collected in notes in 15 L. R. A., n. s., 466, and 102 Am. St. Rep. 241.

In view of this conclusion we need not determine whether an adverse possession for fifteen years had been held by Mrs. Schoonover and her heirs. A point is sought to be made against them on the ground that she obtained deeds from two of the heirs of her father, and tried to get one from the appellant. This did not

imply an admission on her part that she was not the owner of the property. She had no record title and it was natural that she should desire deeds from the heirs of the person in whom the record showed title. "The effect of the acceptance of a deed to an outstanding interest by one in possession under a claim of ownership must be interpreted according to the surrounding circumstances." (*Sparks v. Bodensick,* 72 Kan. 5, 10, 82 Pac. 463.)

The judgment is affirmed.