No. 19,027.

C. E. Ross et al., *Appellees,* v. Lloyd F. Cox, *Appellant.*

SYLLABUS BY THE COURT.

Contract—*Exchange of Real Estate—Specific Performance—Rulings of Court.* The evidence held to support a judgment for the specific performance of a contract for the exchange of real estate, and the exclusion of evidence held not to have been material error.

Appeal from Comanche district court; Gordon L. Finley, judge. Opinion filed November 14, 1914. Affirmed.

*E. H. Hurd,* and *C. E. Baker,* both of Coldwater, for the appellant.

*Jay T. Botts,* of Coldwater, for the appellees.

The opinion of the court was delivered by

Mason, J.: C. E. and Gail E. Ross brought action against Lloyd F. Cox asking the specific performance of a contract for the exchange of real estate. Cox defended on the ground that he had been defrauded into making the agreement by misrepresentations as to the value and quality of the land he was to receive. Judgment was rendered for the plaintiffs, and the defendant appeals.

Ross v. Cox.

No special findings were made. Conflicting oral testimony was given, some of which tended to support the judgment. The trial judge in announcing his decision said that some puffing is permitted in attempting to sell property. This is sound law (19 Cyc. 399), and does not amount to a finding that the defendant's version of the transaction was correct, or that the plaintiff had made the false representations complained of. The defendant invokes the rule that "fraud, to defeat a specific performance, need not be proved with a degree of certainty necessary to authorize a decree of rescission, or defeat a recovery at law." There having been some substantial evidence to support the plaintiffs' claim, the question whether its persuasive force measured up to a particular standard was one upon which the decision of the trial court is final. (*Wooddell v. Allbrecht*, 80 Kan. 736, 104 Pac. 559.)

The defendant maintained that the plaintiff C. E. Ross had told him the land in controversy—an eighty-acre tract—was worth $2500, and that in it was included seventy acres of farm land, whereas it was not worth over $1000, and was not adapted to farming. He offered to prove that the plaintiff some six months before had told another person that the land was worth $2000, and included seventy acres of good tillable land; that three or four months after this the plaintiff had told him he had paid $500 for the land and that a banker friend helped him to get a loan of $800 on it. The offer was rejected, and complaint is made of the ruling. The rejection of this evidence can not be regarded as material error, upon any view of its admissibility. The value of the land was largely a matter of opinion. (*Else v. Freeman*, 72 Kan. 666, 83 Pac. 409; 20 Cyc. 51; 14 A. & E. Encycl. of L. 41.) The decision of the court was based chiefly on a belief that the defendant became displeased with his bargain and sought excuses to evade it. And no proof was offered on the motion for

a new trial that the witness would have testified as suggested by the offer, in accordance with section 307 of the code.

The judgment is affirmed.