No. 20,828.

MRS. C. W. HEGWOOD and PERRY WILCOX, *Appellees*, v. TRUMAN E. LEEPER et al., *Appellants*, and PEARL S. LEEPER, *Appellee*.

SYLLABUS BY THE COURT.

1. DEED—*May be Shown to be in Effect a Mortgage—Parol Evidence.* An instrument in the form of an ordinary warranty deed may be shown to be in effect a mortgage, by oral evidence that it was intended as security for debts owing by the grantor to the grantee and to other persons, and may be enforced as such at the instance of any of the beneficiaries. The statute forbidding the creation by parol of express trusts concerning lands does not apply to that situation.

2. DEED—*As Security—No Preference Intended.* The evidence held to support a finding that no preference was intended between the several debts secured by a deed.

3. SAME—*Two Plaintiffs—Joint Judgment—Nonprejudicial.* The rendition of a joint judgment in favor of the plaintiffs, instead of a separate judgment for each in half the amount, held to have been nonprejudicial.

4. DEED—*Intended as Mortgage—Innocent Purchasers.* The court having found that the grantee of a deed, which was intended in part as security for debts owed by the grantor to third persons, had exchanged the land for another tract, which he caused to be conveyed, in satisfaction of his indebtedness, to a creditor of his own, who was conversant with all the facts, a judgment is held to have been warranted holding both of them liable to the claimants whose liens were thereby lost.

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed April 7, 1917. Affirmed.

*Wilbur S. Jenks,* of Ottawa, for the appellants.

*Noah L. Bowman,* of Garnett, and *W. B. Pleasant,* of Ottawa, for the appellees.

The opinion of the court was delivered by

MASON, J.: Truman Leeper and Pearl S. Leeper, his wife, executed to his father, J. M. Leeper, an instrument in the form of an ordinary warranty deed to a quarter section of land. The grantees afterwards conveyed the land to W. M. Glenn, receiving in exchange a deed to a town lot, valued at $5000, the title to which was taken in N. E. Stucker, an uncle of Truman Leeper, who canceled a debt of $4000 owed to him by J. M. Leeper and paid $1000 to Glenn. Later Mrs. C. G. Hegwood and Perry Wilcox, the mother and uncle of Pearl S. Leeper, brought an action against all the persons named excepting W. M. Glenn, asserting that the deed from Truman Leeper and his wife to his father was in effect, by virtue of an oral agreement, a mortgage given to secure an indebtedness of $2700 owed by the grantors to him, and also two notes of $900 each due from the grantors to the plaintiffs, and that by the transfer of the property they had wrongfully been deprived of their security, whereby a personal liability had arisen against J. M. Leeper and also against Stucker, who had

acted with full knowledge of the facts. The trial court found the facts to be substantially as stated by the plaintiffs, and as the land had been valued at $4000 in the trade with Glenn, that amount (subject to additions for income and to deductions for expenses, reducing it to $3907) should be regarded as a fund pledged to the payment of the $2700 (with interest $2914) due from Truman Leeper and his wife to his father, and of the plaintiffs' notes, amounting with interest to $2169. The security diverted having been sufficient to cover but seventy-six and eight-tenths per cent of the entire indebtedness, J. M. Leeper and Stucker were held liable for that proportion of the plaintiffs' claims, and judgment was rendered accordingly, from which this appeal is taken.

1. The principal contention of the appellants is that the plaintiffs could not have acquired a lien to the quarter section of land under the circumstances stated, because the arrangement relied upon would amount to an attempt to create an express trust concerning lands by parol, whereas the law makes a writing necessary to produce that result. (Gen. Stat. 1915, § 11674.) An oral agreement that J. M. Leeper, to whom the land was deeded, was to accept it as security for the payment of the indebtedness due from the grantors to himself and to the plaintiffs, implying as it does an obligation to hold the title for that purpose, and to account for the proceeds accordingly, results in a relationship which in a sense may be spoken of as an express trust concerning real estate. But we do not regard it as within the prohibition of the statute. In this state, and in most others where the matter has been passed upon, oral evidence is admitted to show that an instrument in the form of a deed was intended as a mortgage. And the practice is sustained, not only against the objection that it violates the rule forbidding the varying of a written contract by parol, but also against the specific objection that it is within the prohibition of the section of the statute of frauds relating to the creation of trusts concerning lands. (*Moore v. Wade,* 8 Kan. 380; *Campbell v. Dearborn,* 109 Mass. 130; 20 A. & E. Encycl. of L. 949, 953; 27 Cyc. 1005, 1023, 1034. See, also, 1 Perry on Trusts and Trustees, 6th ed., § 76, p. 69, Note *a*.)

The circumstance that the deed was made to secure debts owing by the grantor to third persons as well as to the grantee does not in our judgment make it any the less a mortgage, or bring it within the prohibition of the trust statute. It is conceded that the deed was in effect a mortgage as between the grantors and the grantee, but the appellants contend that it was not a mortgage in favor of the plaintiffs. When proof was complete that the deed had been executed and accepted merely as security, its character as a mortgage was established. The reception of oral evidence that the plaintiffs were among the beneficiaries intended to be protected by it did not alter the essential nature of the court's action—did not convert it into a recognition of a trust concerning real estate created by parol in any different sense from that in which it might otherwise have been so characterized. "A deed from a debtor to a third person, if made to secure the payment of money, is as much a mortgage as if made to the creditor himself for the same purpose." (27 Cyc. 992. *Bradford v. Helsell,* 150 Iowa, 732.) An agreement that a grantee is to handle land conveyed to him in the interest of certain designated beneficiaries, and in case of a sale to distribute the proceeds among them, is ordinarily an attempt to create an express trust and must be in writing to be valid. (*Ingham v. Burnell,* 31 Kan. 333, 2 Pac. 804.) But a deed *intended as security,* although made to a trustee, who, by its expressed terms is authorized to sell the property and pay debts owed to the grantor and to other persons, is merely a mortgage. (*McDonald & Co. v. Kellogg, Trustee,* 30 Kan. 170, 2 Pac. 507.)

"If land is conveyed by absolute deed, but with an agreement that the grantee shall effect a sale of it, and out of the proceeds satisfy an existing debt due to him from the grantor, or repay himself for advances then made to the grantor, and also pay other creditors of the grantor, and account to the latter for any surplus remaining after the payment of such debts and the expenses, it is generally held that the transaction is in the nature of a mortgage, and may be enforced as such in equity." (27 Cyc. 1004.)

2. The appellants further contend that even if the plaintiffs were held to have had a lien upon the land, under the evidence it should have been found to be inferior to that of J. M. Leeper. There was positive testimony tending to show that such a preference was intended, but there was also evidence

fairly warranting an inference to the contrary. In that situation the decision of the trial court must be regarded as final. The fact that the issue presented was one which the plaintiffs were required to support by more than a mere preponderance of the evidence does not enlarge the powers of the reviewing court, since there is always a presumption that the judgment was reached by the application of the proper test. (*Wooddell v. Allbrecht,* 80 Kan. 736, 104 Pac. 559.)

3. Complaint is made that although each plaintiff owned a note in which the other had no interest, judgment was rendered in their joint behalf for the combined amount. No change in the judgment is required, for it does not appear that any substantial prejudice could have resulted or that this matter was called to the attention of the trial court.

4. An argument is made that the judgment rendered was inequitable, at least as to Stucker, particularly because it was found that shortly before the land was exchanged he had been advised by Truman Leeper and his wife that Mrs. Hegwood had released her claim against it, although she had not in fact done so. The trial court was justified in concluding that inasmuch as Stucker knew that the deed to J. M. Leeper was in effect a mortgage securing Mrs. Hegwood's note, as well as the other debts, he acted at his peril in accepting without further inquiry the statement that she had waived her rights in that regard.

The judgment is affirmed.