No: 22,025.

ZELL TAYLOR, *Appellee*, v. BIRDIE HOLYFIELD, a Minor, JOHN ROGERS, as Guardian, etc., and SAMUEL HOLYFIELD, as Administrator, etc., *Appellants*.

### SYLLABUS BY THE COURT.

1. SPECIFIC PERFORMANCE—*Oral Contract to Care for Elderly People During Life—Contract Performed—Enforceable.* An oral contract to the effect that a young man should work and care for an older man and his wife during the lives of the latter, and that he should be treated by them as a child and be given a certain share of their property at their death, is held to have been established by sufficient proof and, it being shown that there was performance of the contract by the young man, and that it was neither unreasonable nor inequitable, it is enforceable.

2. SAME. The fact that the young man had reached majority when the contract was made did not weaken its binding force.

3. SAME—*Oral Contract—Statute of Frauds—When Not Applicable.* The rule that the statute of frauds will not be enforced against one who has performed a contract of the kind in question and who cannot be restored to his original situation, or adequately compensated in damages, applied.

4. SAME—*Jury Trial—No Abuse of Discretion.* The fact that a jury called to the aid of a court in order to make certain special findings of fact were kept together and required to continue their consideration of the facts for parts of four days is not regarded as an abuse of discretion.

5. TRIAL—*Evidence.* Objections to the admission of certain testimony are not sustained.

6. SAME. Nor is certain proposed new evidence deemed to be such as would warrant the granting of a new trial.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed April 12, 1919. Affirmed.

*J. E. McFadden, O. Q. Claflin, jr.,* both of Kansas City, and *Arthur M. Jackson,* of Leavenworth, for the appellants.

*W. W. McCanles, Charles E. Thompson,* and *H. F. Gorsuch,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: A judgment for the specific performance of a contract was rendered for plaintiff, from which defendants appeal.

The claim of plaintiff was that he entered into a contract with David Holyfield and wife to the effect that he would work and care for them during their lives, they being childless, they to treat him as their child and give him their property at the end of their lives, and that afterwards when a daughter was born to them, they reaffirmed the contract, stipulating that he would be treated as a child and given one-half of their property, as the other half would go to the daughter. The plaintiff was twenty-two years old when the contract was made, and he continued to live with and care for the Holyfields for a period of ten years and until Mrs. Holyfield died. Shortly afterwards Mr. Holyfield undertook to repudiate the agreement and refused to allow plaintiff to remain at his home; and about ten months later Mr. Holyfield died. In the action brought by plaintiff, Birdie Holyfield, the daughter, and her guardian, denied the existence of the alleged contract claimed by plaintiff, and also resisted his demand for a share of the property of the Holyfields. The making of the alleged contract was well

Taylor v. Holyfield.

supported by the testimony, and the jury found that the alleged contract was made about February, 1906, and that plaintiff had complied with the requirements of the contract on his part. Much is said of the necessity that the oral contract shall be sustained by clear and convincing proof, but as substantial evidence supporting the contract was offered, it devolves on the trial court to determine both the character and sufficiency of the evidence. (*Wooddell v. Allbrecht,* 80 Kan. 736, 104 Pac. 559; *Schoonover v. Schoonover,* 86 Kan. 487, 121 Pac. 485; *Cathcart v. Myers,* 97 Kan. 727, 156 Pac. 751).

There is a contention by defendants that the contract, if made, is not enforceable, because the plaintiff was twenty-two years old when it was made. The fact that plaintiff had reached majority did not prevent him from entering into a contract, or invalidate one which had been performed. He had the capacity to contract for himself and the maturity to render the service agreed upon, and besides, the Holyfields did not have the burden of his support during early infancy. The age of a party may be a consideration in determining whether or not enforcement would be inequitable, but the fact that he had passed infancy has not been treated as an objection to the making of a contract like the one in question. (*Bless v. Blizzard,* 86 Kan. 230, 120 Pac. 351.)

Although questioned, there can be no doubt that there was adequate consideration given and received under the contract. There was abundant testimony to the effect that for a period of ten years he worked on the farm and in the store of the Holyfields, taking special personal care of Mr. Holyfield, who was an invalid. The neighbors testified that plaintiff was attentive to his duties and diligent and faithful in his work. The contention that the contract, being in parol, is within the statute of frauds, cannot be sustained. According to the evidence, there was such a performance of the contract by the plaintiff as to take it out of the operation of the statute. Under the authorities, an established oral agreement which is not unreasonable nor inequitable may be enforced where the services performed are of a personal character and their value in money cannot well be determined. In *Schoonover v. Schoonover,* supra, it was said:

"This accords perfectly with the principle that the statute of frauds is not enforced against one who in reliance upon an oral contract has so

far acted upon it that he can not be restored to his original situation, and can not be adequately·compensated in damages. Clearly, services performed under an agreement to care for a person until his death may be of such a nature that it is practically impossible to determine their reasonable value in money." (p. 489.)

Here the plaintiff had devoted ten years of his life to the performance of the contract, giving up his own plans and such business opportunities as were available to him. The services were of a personal and exacting character. He not only did the work of the farm and the store, but he nursed and cared for Mr. Holyfield when the latter had what are called "spells" and was in a helpless condition. Besides attending to the operation of the farm and store in the daytime, plaintiff was required to watch and care for Mr. Holyfield many nights during the ten-year period. The case comes fairly within the rule that the statute of frauds will not be enforced against one who has performed the contract, and who cannot be restored to his original situation or adequately compensated in damages. (*Bichel v. Oliver,* 77 Kan. 696, 95 Pac. 396; *Smith v. Cameron,* 92 Kan. 652, 141 Pac. 596; *Bless v. Blizzard,* supra; *Cathcart v. Myers,* supra.)

Defendants contend that the court abused its discretion in requiring the jurors to continue their consideration of their findings for four days. It was suggested by plaintiff that, while they were out for parts of four days, they were allowed to separate from time to time and only gave about twenty-four hours to the consideration of their findings. Besides, the jury was only acting in an advisory capacity, and it appears that the court, acting for itself, came to the same conclusion that the jury did. We think no abuse of discretion has been shown.

Objections were made to statements of Mrs. Holyfield, but as she was alleged to be one of the contracting parties and had a homestead as well as a wife's interest in the property, her statements as to the contract were admissible.

On the motion for a new trial affidavits were filed setting forth some new and additional testimony, but it appears to be of an impeaching and cumulative character, and not such as would warrant a new trial.

The judgment is affirmed.