Hoover v. Hopkins.

---

No. 26,826.

JOHN HENRY A. HOOVER and ALETHA CURRIE, *Appellees*, v. MAGGIE HOPKINS, *Appellant*, and LEVI BERT HOOVER, *Appellee*.

SYLLABUS BY THE COURT.

1. TRUSTS—*For Benefit of Third Person—Estate in Hands of Sole Devisee—Establishing by Parole — Degree of Proof — Application of Rule.* The rule that parol evidence to establish existence and terms of a trust for the benefit of third persons, in the estate of a testator in possession of a sole devisee under a probated will, must reach an exceptionally high degree of certainty, is a rule to be observed by the district court, and on appeal from a judgment establishing such a trust, the function of this court is limited to ascertaining if there is any substantial evidence to sustain the decision.

2. SAME — *Evidence — Sufficiency.* The evidence considered, and held to be sufficient to sustain the judgment.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed December 11, 1926. Affirmed.

*J. N. Tincher, R. W. MacGregor*, both of Medicine Lodge, and *A. L. Noble*, of Wichita, for the appellant.

*Adrian S. Houck*, of Medicine Lodge, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to impress a trust upon the estate of a testator in the possession of his widow as sole devisee, for the

---

Appeal and Error, 4 C. J. pp. 876 n. 78, 878 n. 82. Criminal Law, 17 C. J. p. 255 n. 55. Trusts, 39 Cyc. pp. 633 n. 22, 645 n. 20; 35 A. L. R. 286; 26 R. C. L. 1251.

benefit of his children. The children recovered, and the widow appeals.

The estate consisted of 3,750 acres of land, valued in the petition at twenty dollars per acre, and personal property valued at $20,400. The will, which was duly probated, made a merely nominal bequest to each one of the testator's three children, and then gave the entire estate to his wife. Recovery was predicated on an oral promise by the devisee, or on an implied promise requiring oral proof to establish it, that she would give the children half of the property. The result of the judgment was to place the estate in the same situation as if the testator had made no will.

The case was tried by the court without a jury. Neither side requested findings of fact and conclusions of law separately stated, and none was returned. All this court knows about the district court's view of the facts and of the law is derived from a statement contained in the journal entry, that the court found in favor of the children. The motion for new trial contained two grounds—erroneous rulings in the admission and rejection of evidence, and that the decision was contrary to the evidence. The assignments of error, besides the formal and inconsequential one that the court erred in rendering judgment as it did, are, error in admitting the testimony of a named witness, and error in denying the motion for new trial.

The testimony complained of was doubtless admitted under the common trial practice, when there is no jury in the box, of hearing a witness, and then regarding or disregarding the testimony as the law may require and as the testimony may or may not have probative value. If the testimony was inadmissible, the presumption is the court disregarded it. If it was admissible, this court is quite satisfied it did not influence the decision.

The result of the foregoing is, this court has before it but a single question: Was the decision contrary to the evidence? The principal contention is, the decision was contrary to the evidence, because in this class of cases the law requires proof to an exceptional degree of certainty. Various statements of the rule are quoted, as that the proof must be "clear and convincing," "conclusive," "practically overwhelming," and "overwhelming." All the authorities agree that a high degree of certainty is required, and the superlatives are employed in an effort to fend against the danger attending application of a doctrine inherently dangerous.

The rule relating to certainty of proof is one for the district court

Hoover v. Hopkins.

to observe. The subject is not a new one here. In criminal cases, guilt must be proved beyond a reasonable doubt, and if the evidence to support conviction be circumstantial, it must be incompatible with any reasonable hypothesis except guilt. When the trier of the fact is satisfied, the function of this court is limited to ascertaining if there is any substantial evidence to sustain the verdict of guilty (*State v. Brizendine*, 114 Kan. 699, 220 Pac. 174). The same rule applies when the question is whether a special standard of proof has been met in a civil case (*Leverton v. Rork*, 74 Kan. 832, 85 Pac. 800; *Wooddell v. Allbrecht*, 80 Kan. 736, 104 Pac. 559). The judge of the district court is an able judge of long experience, and it is not to be suggested he was not familiar with the rule, or was inadept in applying it. He heard the case twice. At the first trial, judgment was rendered for plaintiffs. A motion for new trial was taken under advisement, and after lapse of a considerable period of time, was granted. The judgment under review must represent a settled conviction respecting the facts which are determinative of the controversy.

The first question which the district court was obliged to determine was whether the testator made his will as he did, or did not change his will, depending on some obligation of his wife to devote to some use the property which probate of the will would vest unconditionally in her. If such an obligation were discovered, the next question was whether it was a moral obligation, arising from regard for the testator's confidence and trust, respect for his wishes, and a sense of justice toward his children, or an obligation of which the law takes cognizance, arising either from express promise or from manifestation of assent having all the force of express declaration. If legal obligation were discovered, the next question was whether its terms were sufficiently definite and specific to make it capable of enforcement. The evidence is debated here as it must have been debated in the district court, and because this court is precluded from considering the important factor of personality of the speaking witness, when considering oral testimony, it is hopelessly disqualified to judge of the merits of the debate. There is substantial evidence to sustain each finding of fact implicit in the general finding, and under the settled rules governing appellate review, this court is not permitted to look further. The evidence need not be marshaled here.

The judgment of the district court is affirmed.