No. 27,265.

DAVID O. WILSON et al., *Appellants*, v. GRANT STAFFORD, *Appellee*.

(260 Pac. 627.)

SYLLABUS BY THE COURT.

1. TRIAL—*Trial by Court—Weight and Sufficiency of Evidence.* In an action tried by a court without a jury, it is for the trial court to determine whether or not the evidence clearly and unequivocally established a fact necessary to be so proved; and *held,* that the evidence was sufficient to justify the court in finding generally that the fact sought to be established had been clearly and unequivocally proved.

2. DEEDS—*Absolute Deed—Evidence.* There was evidence to justify the court in finding that the deed in question was absolute and was not a mortgage.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed November 5, 1927. Affirmed.

*Albert Faulconer, Kirke W. Dale* and *C. L. Swarts,* all of Arkansas City, for the appellants.

*Grant Stafford, L. D. Moore* and *H. O. Janicke,* all of Winfield, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action by the plaintiffs, husband and wife, is one to have a deed conveying real property from them to the defendant declared to be a mortgage to secure the payment of an indebtedness owing from the plaintiff, David O. Wilson, to the defendant. Plaintiffs asked that the defendant show the amount of such indebtedness, and that a precedent mortgage given by the plaintiffs to the defendant be canceled and annulled. The defendant in his answer alleged that he was the owner of the property, and that he was in the possession thereof, and asked that his title thereto be quieted. Judgment was rendered in favor of the defendant, and the plaintiffs appeal.

The action was tried by the court without a jury. No special findings of fact were made, but a general finding was made in favor of the defendant.

The plaintiff, David O. Wilson, owned eighty acres of land in Cowley county. He was financially embarrassed and became in-

Appeal and Error, 4 C. J. pp. 876 n. 78, 877 n. 80. Mortgages, 41 C. J. pp. 354 n. 62, 357 n. 72, 362 n. 2; L. R. A. 1916B 18; 19 R. C. L. 251. Trial, 38 Cyc. p. 1945 n. 33.

Wilson v. Stafford.

debted to the defendant. To secure that indebtedness and other money that might be advanced by the defendant to David O. Wilson, the latter, previous to his marriage to the plaintiff, Grace B. Wilson, executed a mortgage on the real property for the sum of one dollar. The mortgage contained the following provisions:

"This grant is intended as a mortgage to secure the payment of any sum or sums of money which is now owing to said Grant Stafford and future advancements as well, by the party of the second part, or his assigns to the party of the first part herein at the date hereof or from time to time as the parties hereto either of them may now or hereinafter agree, with interest on said advancements from the date of the advancement until paid; also it is intended as a mortgage to indemnify and secure the payment to said Grant Stafford of any sum or sums that he may incur in the way of expenses, advances or liability upon any bond or bonds by the said Grant Stafford as surety for the said first party herein; it being the intention of the parties hereto that this mortgage shall secure any advances made from time to time to said party of the first part by the second party, evidenced whether by note, memorandum, book account, expense or liability as surety on bonds or in any manner for which the said David O. Wilson may become responsible to the said party of the second part, inclusive of legal services or service of any kind for which said David O. Wilson may be responsible to said Grant Stafford, and to remain in full force and effect between parties hereto or assigns until all advancements or liabilities incurred made by virtue hereof are paid in full with interest."

Advancements were made by the defendant to David O. Wilson until the total amount reached approximately the sum of $3,000, when David O. Wilson desired more money, and the defendant refused to advance it unless the plaintiffs would execute to the defendant a deed conveying to the latter the real property in controversy. Such a deed was executed, delivered and placed on record, and more money was advanced by the defendant to David O. Wilson. At about the time the deed was executed, David O. Wilson signed a written acknowledgment of payment in full for the deed conveying the real property to the defendant, recited the amount of money advanced by the defendant, and declared the defendant to be the owner of the land. At the same time, the defendant gave to the plaintiff David O. Wilson a written option to purchase the land on or before September 1, 1925, at the price of $3,090.

1. We quote from the brief of the plaintiffs as follows:

"When Mr. Stafford took the deed from Wilson and wife to the tract in controversy, he held a mortgage upon it, executed by David O. Wilson. Therefore, taking the equity of redemption without a foreclosure, the burden of proof was upon him to sustain its equity, whenever the transaction was questioned."

The plaintiffs cite *Jones v. Franks,* 33 Kan. 497, 503, 6 Pac. 789, and quote from that decision as follows:

" 'To give validity, however, to such a sale by a mortgagor, it must be shown that the conduct of the mortgagee was in all things fair and frank, and that he paid for the property what it was worth. He must hold out no delusive hopes; he must exercise no undue influence; he must take no advantage of the fears or poverty of the other party. Any indirection or obliquity of conduct is fatal to his title. Every doubt will be resolved against him. Where confidential relations and the means of oppression exist, the scrutiny is severer than in cases of a different character. The form of the instruments employed is immaterial. That the mortgagor knowingly surrendered and never intended to reclaim, is of no consequence. If there is vice in the transaction, the law, while it will secure to the mortgagee his debt with interest, will compel him to give back that which he has taken with unclean hands. Public policy, sound morals, and the protection due to those whose property is thus involved, require that such should be the law.' . . .

"Where the mortgagee takes the mortgaged property in satisfaction of his debt, the burden is upon him to show that the sale or release of the mortgagor's equity was made willingly, that the conduct of the mortgagee was in all things fair and frank, and that he paid for the property what it was worth."

The plaintiffs also rely on *Live Stock Co. v. Trading Co.,* 87 Kan. 221, 225, 123 Pac. 733, where the court said:

"A mortgagor may, of course, sell the mortgaged property to the mortgagee, although the transaction will be scrutinized closely to determine its fairness— being almost as much open to suspicion, it is said, as a purchase by a trustee from his beneficiary. (*Villa v. Rodriguez,* 79 U. S. 323.) It is also said that a conveyance of the mortgaged premises from the mortgagor to the mortgagee will be regarded as a mere change in the form of security, unless it clearly and unequivocally appears that both parties intended otherwise."

Whether or not the evidence was of such a character as complied with the rule relied on by the plaintiffs was for the court to determine. If there was evidence to support the finding made, it is conclusive in this court. (*Wooddell v. Allbrecht,* 80 Kan. 736, 104 Pac. 559; *Mercantile Co. v. Stiefel,* 82 Kan. 7, 13, 107 Pac. 774; *Ross v. Cox,* 93 Kan. 338, 339, 144 Pac. 227; *Hegwood v. Leeper,* 100 Kan. 379, 383, 164 Pac. 173; *Taylor v. Holyfield,* 104 Kan. 587, 589, 180 Pac. 208; *Jackman v. Development Co.,* 106 Kan. 59, 65, 187 Pac. 258; *Kuhn v. Kuhn,* 112 Kan. 155, 160, 210 Pac. 343; *Stillie v. Stillie,* 120 Kan. 565, 569, 244 Pac. 844; *Hoover v. Hopkins,* 122 Kan. 65, 67, 251 Pac. 411.) There was evidence from which the court might have found that the defendant took advantage of his situation as mortgagee and thereby violated the principle contended for by the

plaintiffs, but there was evidence which tended to prove that the plaintiff David O. Wilson was deeply in debt; that a number of persons other than the defendant held mortgages or other liens against the land in large amounts; that those mortgages and liens were in process of foreclosure; that the plaintiff David O. Wilson needed money; that he desired to obtain it from the defendant; that the defendant would not advance it unless the plaintiffs deeded the land to him; that the defendant furnished additional money; that the plaintiffs executed the deed; that David O. Wilson signed an acknowledgment of the payment for the deed; that a contract for the purchase of the property from the defendant was then entered into; that the plaintiff David O. Wilson consulted an attorney concerning the contract for purchase of the land before making the deed and signing the contract; that the plaintiff tried to sell the land; that he had offers for the purchase of the land for more than the entire amount of all the liens against it; and that the plaintiff failed to sell the land. The evidence was sufficient to sustain the finding of the court under the rule contended for by the plaintiffs.

2. The plaintiffs contend that the deed was a mortgage at the time it was executed. That was a question of fact to be determined from the evidence. The mortgage to the defendant, the deed to him, the acknowledgment of payment for the deed, and the option contract were relevant to that question. In addition to that evidence, the plaintiff, David O. Wilson, testified that the option contract represented his interest in the land and the agreement between him and the defendant so far as his interest therein was concerned. The evidence was sufficient to sustain the general finding of the court that the deed was absolute and not a mortgage.

The judgment is affirmed.