No. 28,236.

SARAH KEMP, *Appellee*, v. R. A. MORRIS, *Appellant*.

(270 Pac. 582.)

Opinion filed October 6, 1928.

*Richard E. Bird,* of Wichita, for the appellant; *Leigh W. Clark,* of Wichita, of counsel.

*Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin, Sydney L. Foulston* and *Lester L. Morris,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action in equity to have an instrument in the form of a deed adjudged to be a mortgage, to determine the

amount due thereon and tendering payment thereof, and to quiet title as against such instrument. The trial court made exhaustive findings of fact, also conclusions of law, and rendered judgment for plaintiff. Defendant has appealed.

Briefly, the pertinent facts are: In 1921 plaintiff and her husband owned and resided upon a ten-acre tract of land near Wichita, of the value of about $8,000, and encumbered by mortgages aggregating $3,650. They then borrowed additional money from the defendant, executing their note to him for $1,050, and secured the same by executing to him a deed on this property, and defendant executed to them an agreement to reconvey the property on the payment of the amount of the note and interest. Plaintiff and her husband paid the interest on this indebtedness, and perhaps some additional, until in January, 1924. At that time they desired additional money to enable them to procure the title to a half section of land in Montana. At that time the amount of the original debt to defendant and the new money secured was computed and agreed to be $1,200, for which plaintiff and her husband gave defendant a new note. To secure this indebtedness defendant retained the deed to the ten-acre tract near Wichita, and the deed to the Montana land was made to him. Defendant executed to plaintiff's husband an agreement to reconvey on the payment of this $1,200 and interest. Some payments were later made on this indebtedness. In March, 1925, plaintiff's father, M. C. Gaffney, a resident of Greenwood county, died intestate, leaving some personal property and 840 acres of land in Greenwood county, which was encumbered by mortgages aggregating $4,400. He left ten children, and plaintiff inherited from him an undivided one-tenth of his real and personal property. In November, 1925, the mortgages on the ten-acre tract near Wichita were coming due and it was necessary to refinance them. The deed from plaintiff and her husband to defendant, given as security for the money they borrowed of him, had been recorded in December, 1924. The record title standing in defendant embarrassed plaintiff and her husband in refinancing the indebtedness on that land. For the purpose of getting a reconveyance of the property near Wichita from defendant, plaintiff told him of her interest in the property left by her father and proposed to give him a deed to her interest in that property as security, in lieu of the deed on the ten-acre tract, and also proposed to give him an assignment of her interest in the

personal estate of her father, the money distributed thereon to be credited upon the indebtedness. Defendant investigated plaintiff's interest in the personal and real property of her father in Greenwood county and accepted the proposition made by plaintiff. Thereupon he executed a deed reconveying the ten-acre tract to plaintiff, or her husband, and took from them a deed to plaintiff's interest in the real property in Greenwood county left by her father. He also received an order on the administrator, or an assignment of plaintiff's interest in the personal estate of her father, and thereafter received from the administrator of that estate sums distributed by him, the checks for which were made payable both to plaintiff and defendant herein. At the time of this transaction defendant continued to hold the deed to the Montana land and the notes given by plaintiff and her husband to defendant, and contracts for reconveyance, previously mentioned, were never canceled nor surrendered. About four months after this transaction the defendant reconveyed to plaintiff's husband the Montana land. About that time oil development was taking place in the neighborhood of the Greenwood county property. Plaintiff approached defendant with respect to making an oil and gas lease for her benefit on the Greenwood county property and then learned that defendant claimed to be the absolute owner of what was formerly her interest therein. Plaintiff then tendered to defendant a sum of money in payment of the indebtedness of plaintiff and her husband to him, which sum tendered proved to be in excess of that due, but defendant declined to receive it, claiming there was no indebtedness and that he was the owner of the Greenwood county property. Soon thereafter this action was brought.

Appellant here complains of some of the findings of the court. There is not much merit in this complaint. Both parties testified that the original $1,050 note represented a debt, and that the deed given on the ten-acre tract to defendant was in effect a mortgage and not a conveyance. Their testimony is in substantial accord that when the deed to the Montana land was taken in the name of defendant, and the amount of the debt was then agreed to be $1,200, that both deeds—the one on the ten-acre tract and the one to the Montana land—were to secure that debt, and were in effect mortgages. The only place where there is any substantial divergence of testimony is with respect to the circumstances under which the deed

was given on plaintiff's interest in the real property she inherited from her father in Greenwood county. Defendant's testimony was that he actually bought this property and bought plaintiff's interest in the personal estate of her father for the amount of the debt then due him from plaintiff and her husband. The trial court heard all this evidence, saw the witnesses, and on the controverted facts found for plaintiff, and there is ample evidence in the record to sustain that finding. The finding is binding on this court.

But appellant contends that evidence on behalf of plaintiff as to this transaction is not of that clear and convincing character which is required to establish the fact that an instrument is not what it purports to be on its face. Whether evidence to establish a fact of that character is sufficiently clear and convincing to do so is ordinarily to be determined by the trial court—whose function it is to weigh evidence—rather than by this court. (*Hoover v. Hopkins,* 122 Kan. 65, 67, 251 Pac. 411; *Reitz v. Cooper,* 123 Kan. 755, 764, 256 Pac. 813; *Wilson v. Stafford,* 124 Kan. 382, 260 Pac. 627.) But passing that view, it seems reasonably clear that the evidence measured up to the required standard.

Appellant contends that the petition did not state a cause of action, for the reason that it did not allege plaintiff to be in possession of the land, and hence failed to state a cause of action to quiet title under R. S. 60-1801; and, second, that it was not sufficient to state a cause of action in equity independent of the statute, for the reason it did not pray for a disclosure of defendant's claim or interest in the land. (Citing *Douglass v. Nuzum,* 16 Kan. 515, and allied cases.) It may be noted that the petition was not attacked by motion nor by demurrer. Defendant answered. The only objection made to the petition was to the introduction of evidence. When an objection is made at that time the petition should be construed most favorably to plaintiff. As to whether plaintiff was in possession of the land, the court found that she was. Appellant complains of that finding. Prior to giving to defendant a deed for her interest in the land, and an assignment of her interest in the personal property, the land was in possession of all of the heirs, and looked after by the administrator as agent for them. He continued to do that. There was no change in actual possession. This justified the court's finding that plaintiff was in possession, unless the wording of the order on the administrator, or assignment of plaintiff's interest in the personal estate to defendant which she gave the administrator, would

have the effect of transferring plaintiff's possession to defendant. We do not regard it necessary to make a careful analysis to determine whether that was the result, for we regard the petition as being good as one in equity to quiet title by one out of possession. It did set out and disclose what plaintiff contended was the interest of defendant in the real property, as required by the holding in *Douglass v. Nuzum*, supra. It alleged that he claimed title under a certain deed, and set out facts which, if true, would make such deed an equitable mortgage. That the claim of defendant was correctly alleged in the petition is shown by defendant's answer; that is, in his answer he did claim title by reason of this deed. So, whether the petition was good in an action to quiet title under the statute, it is good as an equitable action to quiet title by one whether in possession or not.

Appellant contends that plaintiff offered no evidence of her legal title to the property—that the title was good in M. C. Gaffney, and if so, how it passed to plaintiff. That question was not a controverted issue in the case. Defendant's claim of title was through plaintiff, and amounted to a concession that she had title, prior to executing to him the deed which she claimed, and the court found to be a mortgage.

We find no error in the record. The judgment of the court below is affirmed.