No. 33,437

RUTH SIMMONS COOPER, *Appellee,* v. J. M. COOPER, J. J. KINDSCHER, as Administrator of the Estate of L. E. Cooper, Deceased, et al., *Appellants.*

(76 P. 2d 867)

Opinion filed March 5, 1938.

*Leon W. Lundblade,* of Beloit, for the appellants.

*N. C. Else,* of Osborne, and *Ralph H. Noah,* of Beloit, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was essentially an action in the nature of a suit to quiet title. Plaintiff prevailed, and defendants appeal.

The plaintiff claimed title to a residence property in the city of Beloit, as the common-law wife and sole heir of one L. E. Cooper, who died intestate July 24, 1935. The material portions of the petition, in effect, disclosed: An oral contract of marriage entered into by the parties in the year 1924; ability of the parties to enter into a valid contract of that character; cohabitation as husband and wife from 1924 until the death of L. E. Cooper; as a part of the contract of marriage Cooper agreed to pay plaintiff $5 per week and to devise all of his property to her; plaintiff performed her part of the agreement; plaintiff was held out to the public as the wife of Cooper; Cooper intended to make a will, but by reason of sudden illness was prevented from executing the same; plaintiff was the sole and only heir.

Defendants first contend the trial court erred in overruling their motion to dismiss the action. The motion was on the ground the administration of the estate of L. E. Cooper in the probate court had not been closed and the question of heirship had not been determined. Defendants concede such an action might be instituted during the pendency of such proceedings in the probate court, but contend this

action involved facts which estopped plaintiff from maintaining an action of this nature. Such facts, if true, were not disclosed by the petition, and hence could not be reached by a motion to dismiss. Facts alleged to work an estoppel were pleaded in the answer and will be treated presently.

It is next urged defendants' demurrer to the petition should have been sustained. The only grounds of the demurrer urged here are that several causes of action were improperly joined and that the petition stated insufficient facts to constitute a cause of action in favor of the plaintiff on any theory. The first ground presents a question which is now moot. Plaintiff introduced evidence only on the question of her right to the property as the common-law wife. Prior to judgment she elected to stand solely on that ground and judgment was rendered in her favor on that theory. It is not seriously contended here the overruling of the general demurrer constituted error.

Defendants also contend the evidence was insufficient to sustain the claim of a common-law marriage. The averments contained in the petition stated a cause of action on that theory. (*Matney v. Linn,* 59 Kan. 613, 54 Pac. 668; *Shorten v. Judd,* 60 Kan. 73, 55 Pac. 286; *Renfrow v. Renfrow,* 60 Kan. 277, 56 Pac. 534; *Butler v. Butler,* 130 Kan. 186, 190, 285 Pac. 627; *Jacoby v. Jacoby,* 132 Kan. 77, 80, 294 Pac. 857; *Freeman v. Fowler Packing Co.,* 135 Kan. 378, 380, 11 P. 2d 276.) There was substantial evidence to support every element of the cause of action. True, the record discloses a conflict between plaintiff's and defendants' evidence. This was particularly true with regard to the question of whether plaintiff was held out to the public as the wife of L. E. Cooper. Defendants insist plaintiff's evidence was not worthy of belief. Unfortunately for defendants, the trial court thought otherwise. In *Shoemake v. Davis,* 146 Kan. 909, 73 P. 2d 1043, it was said:

"Appellant cites cases like *Hoover v. Hopkins,* 122 Kan. 65, 251 Pac. 411, which hold that the proof of a claimant's interest in land based upon an oral contract, where enforceable at all, where his adversary holds the title, must be clear and convincing. Quite so. But must the proof be clear and convincing to the appellate court? Not necessarily. It must be clear and convincing to the tribunal authorized to ascertain the controverted issues of fact." (p. 915.)

Defendants also contend that in an action for the recovery of specific real or personal property, where issues of fact are raised, the parties are entitled to a trial by jury as a matter of right. (G. S. 1935, 60-2903.) It is therefore urged the trial court erred in re-

fusing to grant defendants' request for a trial by jury. Assuming, without deciding, that the petition as framed presented a separate cause of action for compensation for services rendered, it must be borne in mind that plaintiff, prior to judgment, elected to stand solely on her rights as a common-law wife and abandoned all claim for compensation for services rendered. The action thus became one essentially for equitable relief. Plaintiff was in possession of the property. A jury trial could therefore not be demanded as a matter of right. (See *Fisher v. Rakestraw et al.*, 117 Kan. 441, 232 Pac. 605, and numerous cases therein reviewed.)

It is next urged that in any event it was within the discretion of the trial court to grant a jury trial, and the refusal to grant it constituted abuse of discretion. The contention cannot be sustained. In cases of equitable cognizance a jury serves only in an advisory capacity and its functions are not conclusive upon the court. In the final analysis the court must assume the duty and responsibility of determining for itself every issue of fact. Under such circumstances it cannot be said the trial court abused its discretion in refusing to grant a jury trial. (See *Shorten v. Judd*, supra, involving a consensual or common-law marriage.)

Was plaintiff estopped from maintaining this action? Defendants' contention of estoppel is based on the following alleged facts: Plaintiff was responsible for the appointment of an administrator for the estate of L. E. Cooper, deceased; she joined in the filing of an application for the appointment of an administrator in order to file a claim for compensation for services rendered to the deceased during his lifetime; plaintiff agreed to the statement in the application for the appointment of an administrator, to the effect that J. M. Cooper was the sole heir of the deceased.

The foregoing were in substance the material allegations contained in defendants' answer on the subject of estoppel. It will be observed it was not alleged plaintiff filed a claim for compensation for services rendered. The record does not disclose that she did so. Nor does it disclose she signed the application for the appointment of an administrator. She introduced no evidence in the case in support of a claim for compensation. We are, however, not required to determine whether the remaining acts pleaded were sufficient to work an estoppel. There was evidence she discussed with J. J. Kindscher, prior to his appointment as administrator, and with Leon W. Lundblade, attorney for defendants, the question of the

appointment of an administrator. Plaintiff, however, denied she ever agreed to or knowingly participated in any statement contained in the application for the appointment of an administrator, to the effect that J. M. Cooper was the sole heir of L. E. Cooper, deceased. Assuming the question of estoppel might have become an issue by virtue of a representation in the probate court that J. M. Cooper, and not the plaintiff, was the sole heir of L. E. Cooper, it is obvious in view of the conflicting testimony that we cannot disturb the judgment.

Defendants insist the court erred in permitting plaintiff to elect to stand solely on her claim as a common-law wife, after the action had been tried. The election was made prior to the rendition of judgment. It is in no wise disclosed how such election affected the substantial rights of defendants. In the absence of such affirmative showing, we are not at liberty to disturb the judgment. (G. S. 1935, 60-3317.) Defendants urge their demurrer to the petition should have been sustained. We have previously discussed that contention. In this connection we might say that the ruling on the demurrer was made on March 26, 1936. No separate appeal was perfected from that ruling within six months. The general appeal was not perfected until January 28, 1937. That was too late to obtain a review of the ruling on the demurrer. (G. S. 1935, 60-3309.) Moreover, as previously indicated, the petition stated a cause of action on the theory upon which the judgment was based, and the evidence supported the judgment.

It is urged the trial court erred in refusing to grant defendants a continuance. It appears that plaintiff, on cross-examination, denied that a certain signature on a note made payable to a hardware company was her signature. The note had been given for the purchase of a washing machine. Defendants desired to show it was her signature and that she had signed her name as Simmons, and not as Cooper. The evidence would have been merely cumulative on the general question of whether plaintiff held herself out to the public as the wife of Cooper. Assuming, however, that this particular evidence might have become important, let us examine the record as a whole, in order to ascertain whether the failure to grant a continuance for the obtaining of this evidence constituted reversible error. It appears the proprietor of the hardware store had not handled the transaction. Counsel for defendant dictated a motion for continuance. The pertinent portion thereof reads:

"The attorney for the defendants further alleges that he has talked with Mr. Fitzgerald, of the Fitzgerald Hardware Company, who informed him that one Ben Wilson, of Ellsworth, Kan., is the one who handled the drawing up, the execution and the procurement of the signature to defendants' exhibit 7, and that if said witness were present he would testify that he drew up the note and had the same signed by the plaintiff, and that the signature on the face of defendants' exhibit 7 is the signature of the plaintiff, and that she signed the same. . . and that as to the Fitzgerald Hardware Company testimony, he talked to Mr. Fitzgerald, saw the note, noted the payments on same, and from the talk with Mr. Fitzgerald he had no idea that the plaintiff would deny the execution of that instrument, which is defendants' exhibit 7, and that such a denial is a surprise, about which the defendants could not well have prepared themselves."

We are told that the city of Ellsworth, where the desired witness, Wilson, was then located, was only about sixty miles from the place of trial. The action had been filed October 17, 1935, but was not tried until over a year later. Under these circumstances can we say defendants exercised due diligence in procuring the necessary testimony concerning the execution of this note, and that the trial court abused its sound discretion in refusing a continuance? We think not. The motion for new trial was heard about two and one-half months after the trial. No showing was made on the motion for a new trial, by affidavit or the oral testimony of Wilson, as to what his testimony would have been had he been present at the time of the trial, or what his testimony would be in the event of a new trial. The mere proffer by counsel, during the trial, as to what he hoped to prove by the witness, was of course not sufficient. (*Walker v. S. H. Kress & Co.*, ante, pp. 48, 56, 75 P. 2d 820.)

It is finally urged the court erred in overruling the motion for a new trial. In view of what has been said, it follows the record disclosed no trial errors which would justify the granting of a new trial. In reaching this conclusion we have noted each of the authorities cited by defendants and are convinced the judgment must be affirmed. It is so ordered.