

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable J. A. Amis, Jr.
County Attorney
Rains County
Emory, Texas

Dear Sir:

Opinion No. O-2226

Re: Holding two offices--con-
stitutional provisions con-
strued-- member, County
Board of School Trustees
and member of local com-
munity committee, Agricul-
tural Adjustment Administra-
tion.

Your request for an opinion as to whether one per-
son, at the same time may serve as a member of the county
board of school trustees and as a member of a local community
committee operating under and supervised by the United States
Department of Agriculture through the Agricultural Adjustment
Administration, has been received and carefully considered by us.

The determination of the question submitted must
be grounded upon an interpretation of the provisions of the Texas
Constitution. Section 12 of Article 16 of the Constitution reads as
follows:

"No member of Congress, nor person holding
or exercising any office of profit or trust, under the
United States, or either of them, or under any for-
eign power, shall be eligible as a member of the Leg-
islature, or hold or exercise any office of profit or
trust under this State."

Section 33 of Article 16:

"The Accounting Officers of this State shall
neither draw nor pay a warrant upon the Treasury
in favor of any person, for salary or compensation
as agent, officer or appointee, who holds at the same
time any other office or position of honor, trust or

profit, under this State or the United States,
except as prescribed in this Constitution. * * *."

The pertinent provision of section 40 of Article 16 is as follows:

"No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of justice of the peace, county commissioner, notary public and postmaster * * * unless specially provided herein * * * ."

The election, qualification, service, duty and compensation of members of the county board of school trustees is prescribed by Title 49, Chapter 11 of the Revised Civil Statutes of Texas, 1925, as amended (Articles 2676 et seq., Vernon's Annotated Texas Statutes.) Such members serve for a definite term, receive compensation on a per diem basis payable out of the State and County Available School Fund by warrants drawn on order of the County Superintendent and signed by the President of the county board, and take the official oath of office.

By Act of Congress, Public No. 430, Seventy Fifth Congress, Chapter 30, Third Session, H. R. No. 8505, Title 1, Section 101, the Secretary of Agriculture was authorized to set up such regulations as might be required in administering the Agricultural Adjustment Administration program. Pursuant to such delegation of authority, in the Articles of Association, under which the various counties operate, provision is made for county and local committeemen to be elected by producers in the county upon their receiving a majority of the votes cast for the position to which they are elected. Local committeement are elected to serve from January 1 to December 31 of the current year, or until their successors have been duly elected. Local committeemen are not required to take an oath of office; they do not receive a stipulated salary, but are paid at a certain rate per diem for the days which they serve. (This information furnished per letter, E. N. Holmgreen, Administrative Officer in charge, Agricultural Adjustment Administration, United States Department of Agriculture, College Station, Texas.)

Under the title "Public Officers", Texas Jurisprudence gives the following statement of the law:

> "Many judicial definitions of 'public office'
> are to be found in the reported cases, but they are
> substantially of the same import. It is said to be
> a right to exercise a public function or employment
> and take the fees and emoluments belonging to it;
> 'a public station or employment conferred by the
> appointment of government'; and 'the right, authority
> and duty created and conferred by law, by which, for
> a given period, either fixed by law, or enduring at
> the pleasure of the creating power, an individual is
> invested with some portion of the sovereign function
> of the government, to be exercised by him for the
> benefit of the public.' The individual so invested is
> a public officer. He is a person who exercises some
> functions of the government -- one who is commis-
> sioned or authorized to perform any public duty."
> (34 Tex. Jur. 322).

From the case of Commissioners Court of Limestone County v. Garrett, (Com. App.) 236 S. W. 970 at p. 972, we take the following quotation from Mechem on Public Officers:

> "Public officers are usually required by law
> to take the oath of office, and this fact goes far in
> determining the character of the duty. But the tak-
> ing of the oath is not an indispensable criterion, and
> the office may exist without it, for, as has been said,
> the oath is a mere incident, and constitutes no part
> of the office. * * * If a duty be a continuing one, which
> is defined by rules prescribed by the government, and
> not by contract, which an individual is appointed by
> government to perform, who enters on the duties per-
> taining to his station without any contract defining
> them, if those duties continue though the person be
> changed, it seems very difficult to distinguish such a
> charge or employment from an office or the person
> who performs the duties from an officer. * * * "

The same authority contains the following statement:

> " 'A man is not the less a public officer where his authority is confined to narrow limits; for it is the duty of his office and the nature of that duty which make him an officer, and not the extent of his authority.' See Mechem on Public Officers, § 9."

In the Supreme Court case of Kimbrough v. Barnett, 93 Tex. 310, 55 S. W. 122, is the following:

> "Public office is the right, authority, and duty created and conferred by law by which, for a given period either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government to be exercised by him for the benefit of the public."

From the case of State of Montana ex rel Julius Barney v. R. N. Hawkins, Secretary of State, 251 P. 411, 53 A. L. R. 583 (1927) we quote:

> "After an exhaustive examination of the authorities, we hold that five elements are indispensable in any position of public employment, in order to make it a public office of a civil nature: (1) It must be created by the Constitution or by the Legislature or created by a municipality or other body through authority conferred by the Legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the Legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power, other than the law, unless they be those of an infereior or subordinate office, created

or authorized by the Legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional."

That a member of the county board of school trustees holds an "office"; that it is an office of "profit or trust"; also an "office or position of honor, trust or profit" and a "civil office of emolument" is not open to question. See Hendericks v. State, (Civ. App.) 49 S. W. 705; Thomas v. Abernathy County Line Independent School District (Com. App.), 290 S. W. 152; Commissioners' Court of Limestone County v. Garrett (Com. App.), 236 S. W. 970; 34 Tex. Jur. 331 and cases cited under § 7.

With the exception of the taking of an official oath, it appears to us that a member of a local community committee meets the prescribed essentials as an "officer" and holds an "office" within the contemplation of our constitutional inhibitions. According to Mechem's statement, quoted with approval by our Commission of Appeals in Limestone County v. Garrett, supra, the taking of an oath is not an indispensable criterion, all the other elements being present.

As was said in our opinion No. O-490 on March 17, 1939:

"The restraint against a person exercising or holding more than one civil office of emolument might appear to be a manifestation of a superabundance of caution on the part of the framers of the constitution, where the offices are not of major importance, or of high financial remuneration, as is the present case. On the other hand, said prohibition can amount to a protection of fundamental rights and liberties, and a bulwark of democratic institutions and principles. Consequently, regardless of the personalities, offices and compensation involved, the constitutional mandate must be strictly obeyed."

You are therefore advised that in our opinion one person may not, at the same time, hold the office of county school trustee and act as a local community committee-man under the Agricultural Adjustment Act.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    /s/  Benjamin Woodall
Assistant

APPROVED MAY 23, 1940

/s/  Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

BW:jm:da

APPROVED OPINION
COMMITTEE

By       BWB
Chairman