CASE 78—ALLOTMENT OF HOMESTEAD—FEB 10.

# Cincinnati Leaf Tobacco Warehouse Co. v. Thompson.

**APPEAL FROM HARRISON CIRCUIT COURT.**

1. HOMESTEAD—ABANDONMENT—TEMPORARY ABSENCE.—A homestead having been acquired in farming lands, will not be lost by the homesteader's removal to town and his taking up a temporary residence there for the purpose of educating his daughter, he meanwhile reserving two rooms in the farm house and intending ultimately to return.

2. SAME—EVIDENCE—DECLARATIONS.—Declarations made by the homesteader that his town residence was temporary and that he intended to return to the farm, made before his financial embarrassment, are competent.

3. SAME—VOTING IN TOWN.—Registering and voting in a town are circumstances tending to show permanent residence, but are not conclusive.

4. SAME—EXCESSIVE VALUATION.—The only evidence tending to show the value of an allotted homestead being that the homestead is worth more than $1,000, the exceptions to the allotment should be sustained.

BLANTON & BERRY FOR THE APPELLANT.

1. Where the claimant of the homestead has resided away from the property claimed as a homestead for a period of five years and actively engaged in other business than farming, having rented the homestead from year to year, and having registered and voted in the precinct he lived in and not in that of the homestead, the law presumes an abandonment of the homestead; and especially so where the debt sought to be collected from the sale of the land was contracted while he was away from the homestead and before the debtor had shown a present and actual intention to return. In all such cases the *bona fide* use of the land by the debtor for the benefit of himself and family

must be shown, and must be considered as well as the question of actual residence.

2. Where the claimant himself fixed the value of the land and improvements at from $1,352.50 to $1,713.50, while his own witness fixed the same at from $1,663.50 to $1,944.00, which proof is uncontradicted, the court erred in overruling exceptions to the commissioner's report of allotment.

3. The court erred in permitting the appellee to state and to prove by others that he had told them that he expected to return to the land which he had left. Such statements are incompetent.

Citations: Ky. Stats., sec. 1702; 2 Wharton on Ev., secs. 1258, 1261; Hall v. McGlothlin, 6 Ky. Law Rep., 661; Nethercutt v. Herron, 10 Ky. Law Rep., 247; Smith v. Mattingly, 11 Ky. Law Rep., 975; Crabb v. Potter & Co., 12 Ky. Law Rep., 430; Curran v. Culp, 13 Ky. Law Rep., 84; Mattingly, etc., v. Berry, 94 Ky. 544; Brown Bros. & Co. v. Martin, 4 Bush, 50; Carter & Co. v. Goodman, 11 Bush, 228; Summers v. Sprigg, 18 Ky. Law Rep., 207; Burch v. Atchison, 82 Ky., 587.

SWINFORD & OSBORNE, FOR THE APPELLEE.

1. When the law and facts of an ordinary action are submitted to the court without the intervention of a jury and there is no separation in a written statement by the court, nothing can be considered by the Appellate Court, except the pleadings. Civil Code, sec. 332; 12 Ky. Law Rep., 292, 797, 985; and 18 Ky. Law Rep., 171; Stincy v. Brown, 14 Ky. Law Rep., 398; Stack v. Blandford, 11 Ky. Law Rep., 859; Mutual Life Ins. Co. v. Gividen, 13 Ky. Law Rep., 970; Bank v. Unverzagt, &c., 13 Ky. Law Rep., 972; Harland v. Braxdale's Admr., 18 Ky. Law Rep., 171.

2. Where a housekeeper who has been occupying a homestead with his family for many years moves away temporarily with the express and avowed purpose and intention of again returning and occupying the homestead with his family, he does not forfeit his right thereto. Campbell v. Potter, 16 Ky. Law Rep., 536; McFarland v. Washington, 12 Ky. Law Rep., 376; Fant v. Talbot, 81 Ky., 25; Hansford v. Holdam, 14 Bush, 212; Black v. Black, 11 Ky. Law Rep., 378; Davis v. Pritchard, 9 Ky. Law Rep., 915; Sumners v. Sprigg, 18 Ky. Law Rep., 207; Redmon v. Citizens Bank of Paris, 19 Ky. Law Rep., 137.

3. When the court passes on the facts, his judgment has the effect

Cincinnati Leaf Tobacco Warehouse Co. v. Thompson.

of a verdict by a properly instructed jury, and will not be dis-
turbed unless flagrantly against the evidence.   18 Ky. Law Rep.,
593.

4. It is competent to hear evidence of the express intention of the
housekeeper to return and occupy his homestead if such ex-
pressions of intentions are made before his homestead right is
questioned.   Black v. Black, 11 Ky. Law Rep., 378; Nethercutt,
&c. v. Herron, 10 Ky. Law Rep., 248.

SWINFORD & OSBORNE, in a petition for a rehearing.

1. This court will not reverse upon the facts in the absence of a
separation of the law and facts.   Civil Code, sec. 332; Martin's
Trus., v. L. & N. R. R. Co., 12 Ky. Law Rep., 985; Haacke v.
Conrad, 12 Ky. Law Rep., 797; Lawson v. Marshall & Co., 12
Ky. Law Rep., 292; Harlan v. Braxdale's Admr., 18 Ky. Law
Rep., 171; Helm v. Coffey, 80 Ky., 176.

2. The evidence does not show that the homestead was worth more
than a thousand dollars.

JUDGE WHITE delivered the opinion of the court.

In 1895, appellee, T. L. Thompson, being insolvent, as-
signed all his estate, real and personal, for the benefit
of his creditors, reserving to himself all the property ex-
empt to him as a housekeeper with a family.   The Har-
rison County Court, at the September term, 1895, ap-
pointed three persons to allot to appellee his exemptions,
including homestead in a farm near Cynthiana, contain-
ing about 250 acres.   These commissioners allotted to
appellee, Thompson, 26.1 acres, including the dwelling
house and barn.   To this report, appellant, a creditor of
appellee, filed exceptions, which were overruled by the
judgment of the county court.   Appellant appealed to
the circuit court, and, upon trial there before the court
without a jury, the exceptions were again overruled, and
the report of allotment confirmed.   From that judgment,
this appeal is prosecuted.

The exceptions to the report of allotment are (1) that the amount of real estate allotted is worth more than $1,000; (2) a denial that appellee is entitled to a homestead by reason of the fact that he is a resident of Cynthiana, three or four miles from the farm, and did not live, nor had for several years lived, on the farm, but, on the contrary, had several years before abandoned the farm as a home.

These questions of fact presented by the exceptions were submitted to the court without a jury and by the well-established rule of this court his findings are treated as the verdict of a properly instructed jury.

The testimony introduced on the trial shows that Thompson had lived on the farm, and had acquired a homestead right therein; that he moved to Cynthiana for the purpose of sending his daughter to school; the farm was rented on shares, appellee furnishing everything, and receiving two-thirds of the crop as rent; that the tenant did not have possession of two rooms of the house; that in those two rooms were some household goods of appellee that he did not care to move to town with him; that he had repeatedly expressed his intention to return to the farm as soon as his daughter finished at school; that he had declined to buy property in Cynthiana for the reason, as stated, that he intended to return to the farm. It is shown that he engaged in the tobacco business in Cynthiana, and registered and voted there in the city elections.

Appellant objected to the introduction as proof of the declarations of Thompson as to his intentions to return to the farm, and that his residence in Cynthiana was only temporary. We think this testimony was admissible. It was not suggested that these statements were made

at a time that he was embarrassed, and was prospectively claiming a homestead, or that they were not made in good faith. On the contrary, these declarations were made from the time he left the farm, and always consistent. A person's intentions are best proven by his acts and declarations made at the time they are to be known. The fact that he registered and voted in Cynthiana is not conclusive evidence of an abandonment of his homestead in the country, but is merely a circumstance to be considered in connection with the other proof in determining the fact whether the homestead had been abandoned. Campbell v. Potter, 16 Ky. Law Rep., 535 [29 S. W., 139].

On the question of abandonment we will not disturb the finding of the circuit court, that he had not abandoned the homestead, but was entitled to have same laid off to him.

On the question of the value of the 26.1 acres allotted, there were but two witnesses sworn on the trial,—appellee, Thompson, and his tenant. Both of these witnesses testified that the land and improvements allotted were worth over $1,000. The lowest figure put by appellee himself on this land was $1,350. The lowest estimate by the other witness is $1,660. From this evidence we are of opinion that the amount allotted appellee was excessive, and the exception of appellant should have been sustained on this ground. Appellee himself admits on oath that he was allotted more than $1,000. He must know better than any one if this be true. His own statements and admissions as against himself are conclusive against him that the amount is too large.

For the reasons indicated, the judgment of the circuit court is reversed, and cause remanded for further proceedings consistent herewith.