GEORGE STIRN v. MARY NELSON.

No. 12,311.   (70 Pac. 355.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Corroborating Testimony Inadmissible.* A witness was called by and gave material testimony for plaintiff. The defendant offered testimony that the witness had previously made a statement of a contradictory character. To support and corroborate the witness, plaintiff offered testimony that about five or six days after the occurrence about which the witness had testi-

fied, and after the making of the contradictory statement, she made statements in harmony with her testimony on the trial. *Held*, that the corroborating evidence was inadmissible.

2. —— *Cases Followed.* The cases of *The State v. Petty*, 21 Kan. 54, and *The State v. Hendricks*, 32 id. 559, 4 Pac. 1050, referred to and followed.

Error from Ottawa district court; R. F. THOMPSON, judge. Opinion filed October 11, 1902. Reversed.

*R. R. Rees*, and *J. E. Mulligan*, for plaintiff in error.

*F. D. Boyce*, and *Z. C. Millikin*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Mary Nelson brought an action for damages against George Stirn, in which she alleged that Stirn maliciously and wantonly assaulted, beat and struck her with a hammer upon the head and arms, breaking one of her arms and inflicting other serious injuries. The trial resulted in her favor, the jury awarding her damages in the sum of $1375.

The principal error assigned here is the reception of testimony given in behalf of the plaintiff to corroborate and sustain one of her own witnesses. Lettie Nelson, her daughter, gave material testimony as to the assault upon her mother, and to contradict and impeach her the defendant introduced a witness who testified that on the evening after the assault he had a conversation with Lettie Nelson, in which she made statements of the occurrence entirely inconsistent with those given on the trial. To meet this attack on the credit of the witness, and to corroborate and sustain her testimony, plaintiff offered evidence to show that, at a preliminary examination of the criminal prosecution of Stirn for the same assault, Lettie Nelson gave testimony which was substantially the same as she

gave in the case on trial.   The impeaching statement
was claimed to have been made on the evening follow-
ing the assault in the morning, and the corroborating
statement about five or six days later.   Is such testi-
mony competent and admissible ?

As a general rule, evidence that a witness has at
other times made statements similar to those given in
testimony is not admissible.   Ordinarily the repeti-
tion of a declaration does not give weight to it, nor
credibility to the one who makes it.   Testimony as to
statements which are not of the *res gestæ* are generally
regarded as hearsay, and testimony so easy to manu-
facture, and, therefore, so dangerous, is carefully ex-
cluded, except in rare cases.   Indeed, some courts
make no exception whatever to the exclusion of such
testimony, while others recognize exceptions and are
more or less liberal in its admission.

In *The State v. Petty*, 21 Kan. 54, this court recog-
nized an exception to the rule, and allowed support-
ing statements where a witness was assailed and
contradicted by proof of prior inconsistent declara-
tions.   The court carefully confined the admission of
such testimony to cases where the witness was charged
with a recent fabrication and where the confirmatory
statements were made anterior to the date of the al-
leged fabrication.   It was expressly held that before
such testimony could be received it must clearly ap-
pear that the corroborating statements were made
antecedently to the contradictory declarations given
in evidence.

In *The State v. Hendricks*, 32 Kan. 559, 4 Pac. 1050,
the reception of such testimony was again considered
and the rule of the Petty case somewhat extended.
It was held :

"If a witness be impeached by proof of his having
previously made statements out of court inconsistent

with his testimony in court, he may then be corroborated by evidence of other statements made by him out of court in harmony with his testimony, if made immediately after the occurrence of which he has testified took place, and made before he has had any reason or ground for fabricating an untrue or false statement.''

In the practical application of the rule, there is little difference between confirmatory statements made before and those made contemporaneously or immediately after the occurrence of which testimony was given. If made immediately after the occurrence about which the witness has testified, there would be little, if any, danger that he had been improperly influenced, while, if later statements were admitted, it would enable a witness to neutralize the effect of former statements, which, for reasons good or bad, he might desire to modify or destroy. In this case, however, the confirmatory statements received were not made immediately after the assault, nor immediately after the making of the contradictory statements, but were made five or six days after that time. The intervening time was brief, it was true, but long enough for some one to discover the effect of the first statement in establishing a right to damages by the evidence of the witness, and long enough so that the witness might have been subjected to disturbing influences. It would be difficult to fix a limit of time that would give competency to such statements if they could be received when made after the lapse of five days.

Whatever may be the rule in other states, and there is considerable diversity in the decisions, we have no disposition to extend the rule of the Hendricks case, nor to countenance the admission of supporting statements made so long after the occurrence which is the

Bank v. Wangerin.

subject of testimony. The rule of the Petty case was re-affirmed in *Cloud County v. Vickers*, 62 Kan. 25, 61 Pac. 391. We refer to the following additional authorities, and these and the cases therein cited illustrate the different views that have been taken as to the admission of this kind of testimony : *Elliott v. Pearl*, 10 Pet. 412, 9 L. Ed. 475 ; *Conrad v. Griffey*, 11 How. 480, 13 L. Ed. 779 ; 1 Greenl. Ev. 469 ; 1 Whart. Ev. 570 ; Rapal. Wit. § 224 ; 3 Rice, Ev. § 233 ; 29 A. & E. Encycl. of L. 823.

It is contended that the impeaching testimony was of little weight ; that there was no motive on the part of the witness for fabrication ; and, further, that if the evidence was erroneously admitted, it was not sufficiently material to justify a reversal. While the testimony in favor of the plaintiff below is strong and convincing, we cannot say that the erroneous testimony did not affect the verdict. For this error, the judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.