## McMillan, Hazen & Company, et al. v. Noe, et al.

(Decided March 27, 1925.)

### Appeal from Harlan Circuit Court.

1. Homestead—Land Appraised as Homestead Held Shown to be Worth More than $1,000.00.—In attack on conveyance by creditors, two acres, including improvements, allotted by appraisers as homestead, held shown to be worth more than $1,000.00, where sale of remainder five weeks later brought more than twice as much per acre as appraised value.

2. Homestead—Allotment of Homestead by Appraisers Subject to Exceptions for Undervaluation.—Exceptions will lie to appraisement allotting homestead, under order of court having jurisdiction of subject-matter and parties, for undervaluation of land allottted, although Ky. Stats., sections 1702, 1705, do not provide for exceptions.

HALL, JONES & LEE for appellants.

J. S. FORESTER for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

By these consolidated actions, several creditors of appellee, J. S. Noe, attacked as fraudulent his conveyance to his son of three adjoining tracts of land containing about six acres. He was adjudged entitled to a homestead therein, and to that extent the deed was upheld, but otherwise it was held fraudulent and set aside, and the master commissioner was directed to select appraisers, lay off as a homestead land, including the dwelling, of the value of $1,000.00, and to sell the remainder, after appraisal, in satisfaction of the judgments awarded plaintiffs. Of that judgment there is no complaint. But the plaintiffs filed exceptions to the master's report allotting homestead to appellee, and this is an appeal from the judgment overruling their exceptions thereto, and confirming same.

Upon the trial of the exceptions, plaintiffs' witnesses, six in number, fixed the value of the two acres and improvements allotted as homestead at from $1,650.00 to $2,500.00, while five witnesses for defendant fixed same at "about $1,000.00."

If this were all of the proof upon the question, we possibly might sustain the judgment, but the evidence shows conclusively that, excluding the improvements, all of this land is of practically the same character and value. The same appraisers that valued the two acres at $1,000.00 as a homestead, by appraising the land at $600.00 and the improvements at $400.00, the same day, June 27, appraised for sale the remaining three acres of that tract at $900.00, the half-acre tract adjoining it at $100.00, and the one-eighth acre tract adjoining the latter at $50.00. At the sale of these tracts, on August 6, or about five weeks thereafter, they brought, respectively, $1,500.00, $356.10 and $385.00, or more than twice as much per acre as, under the same conditions, the appraisers had fixed as the value of all the land by the acre.

It was, therefore, clearly proven that the two-acre tract allotted to appellees was worth considerably more than $1,000.00, and as much as $1,650.00, or more.

It is insisted, however, for appellees that the action of the commissioners or appraisers in allotting homestead is final and conclusive, except for fraud or a mistake other than a mistake of judgment as to the value of the land set apart, no matter how erroneous that judgment may be. This anomalous situation is said to result from the fact that in the statutes (1702-1705), which fix the value of a homestead at $1,000.00 and prescribe the manner of allotting same, there is no provision for filing exceptions to the value as fixed by the appraisers, and that this court so held in Gowdy, Admr. v. Johnson, 104 Ky. 648, 47 S. W. 624.

It is true there is no provision in the statutes for filing exceptions to an allotment of homestead, but neither is there any provision that there shall be no exceptions filed thereto when, as here, the allotment is made by order of a court having jurisdiction of the matter and the parties. Nor does the case, *supra*, so hold, or go farther than to decide, as its facts warranted, that an allotment of homestead by appraisers, appointed by a sheriff in enforcing an execution against the land, is final and conclusive, except for fraud or mistake, against recurrent like appraisals by the same or other creditors. It, there-

fore, has no reference whatever to an appraisement made under order of a court having jurisdiction of the subject matter and the parties.

In Cincinnati Leaf Tobacco Warehouse Co. v. Thompson, 105 Ky. 627, 49 S. W. 446, where, as here, commissioners were appointed by the court to allot homestead, exceptions were filed to their report upon the ground that the quantity of real estate allotted was worth more than $1,000.00. This court held that the land allotted was worth more than $1,000.00, and that the trial court erred in overruling the exceptions, and confirming the report, and the judgment was reversed for this reason alone.

In the case of Mount v. Fourth Street Bank, 156 Ky. 503, 161 S. W. 220, where, as here, a conveyance by a debtor was attacked by his creditors as fraudulent, the deed was set aside, and homestead allotted to the debtor. Commissioners were appointed to make the allotment, exceptions were filed thereto upon the ground that the land allotted was worth less than $1,000.00. The trial court, having reached the conclusion that the number of acres set apart by the commissioners was not sufficient, adjudged that there should be set apart more acres. In approving such action, this court said:

"We think the court in cases like this, where commissioners have been appointed to allot a homestead, has the undoubted right, when exceptions are filed to the allotment and evidence heard, to either diminish the quantity of property set aside or increase it, as the facts may seem to him to justify. If the court concludes that the allotment is too small or too large, he is not limited in the action he may take to the practice of sustaining the exceptions and appointing other commissioners to make a new allotment, but may proceed on the evidence heard on the exceptions to make the allotment himself. The action of the commissioners is not conclusive and the court may, after receiving their report, exercise his own judgment in determining the rights of the parties. The settlement of questions like this is at last merely a question of fact and the report of the commissioners is only intended for the guidance of the court and to aid it in reaching a correct conclusion."

It is, therefore, clear that the court should have sustained the exceptions, and either reduced the allotment

to so much of the land as, with the improvements, would have been worth $1,000.00, or caused a new allotment to be made.

Wherefore, the judgment is reversed, and the cause remanded for proceedings not inconsistent herewith.