Moss v. Hiles.

No. 27,373.

JOHN H. MOSS et al., *Appellants*, v. MAUDE HILES, *Appellee*.

(260 Pac. 526.)

SYLLABUS BY THE COURT.

DEEDS—*Mental Capacity and Undue Influence—Evidence.* In an action to set aside a deed on account of the unsoundness of mind of the grantor therein and of undue influence exerted by the grantee over the grantor, there was evidence to support the general finding necessary to sustain the judgment in favor of the defendant.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed November 5, 1927. Affirmed.

*Edward T. Riling, John J. Riling,* both of Lawrence, and *Tom Harley,* of Wichita, for the appellants.

*J. B. Wilson,* of Lawrence, and *John C. Waters,* of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs prosecuted this action to set aside a deed executed by Elizabeth Moss to the defendant conveying certain real property in Douglas county to the latter. Judgment was rendered in favor of the defendant, and the plaintiffs appeal.

The petition alleged that at the time of executing the deed, Elizabeth Moss was of unsound mind and incapable of transacting business affairs and that the defendant exerted undue influence over Elizabeth Moss in procuring the execution of the deed. The action was tried by the court without a jury. Special findings of fact were not made, but a general finding was made in favor of the defendant.

The plaintiffs argue that under the evidence judgment should have been rendered for them, and that there was not sufficient evidence to sustain the judgment of the court. It is enough to say that there was evidence on which the court could have rendered judgment in favor of the plaintiffs, but that there was ample evidence to support the judgment that was rendered. While there was evidence which tended to prove that the defendant exerted an undue influence over Elizabeth Moss in inducing her to execute the deed and that the mind of Elizabeth Moss was then in a weakened condition, there was abundant evidence, if not the greater weight of it, which tended to show that she was of strong mind, that she was not easily influenced, that she executed the deed voluntarily on her own

Deeds, 18 C. J. pp. 443 n. 19, 445 n. 34, 446 n. 40; 6 R. C. L. 1232.

initiative, and that the defendant did not in any way induce Elizabeth Moss to execute the deed. Under such circumstances, the finding and judgment of the trial court is conclusive.

The judgment is affirmed.