No. 27,489.

ALBERT A. BROWN, *Appellant,* v. THE FIDELITY STATE BANK OF GARDEN CITY, *Appellee.*

(260 Pac. 654.)

### SYLLABUS BY THE COURT.

FRAUDULENT CONVEYANCES—*Sufficiency of Evidence—Indebtedness and Intent of Grantor.* The answers to special questions submitted to the jury finding that a grantor in a deed was not indebted to the grantee named therein and that the deed had been made for the purpose of hindering, defrauding, or delaying the creditors of the grantor, were supported by sufficient evidence.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed November 5, 1927. Affirmed.

*Edgar Foster* and *Horace J. Foster,* both of Garden City, for the appellant.

*C. E. Vance, Clifford R. Hope* and *A. M. Fleming,* all of Garden City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, claiming to be the owner and in possession of 560 acres of land in Finney county, commenced this action to quiet his title thereto against the defendant bank, which in its answer claimed to own the real property by virtue of a sheriff's deed issued for the sale of the property in an action wherein the defendant bank was plaintiff and E. A. Brown, a son of the plaintiff, was defendant, in which action the real property had been attached at the suit of the bank to secure the payment of a note of $7,000 signed by E. A. Brown and owned by the bank. The defendant bank, in its answer in the present action, alleged that the property was owned by E. A. Brown, and that it had been fraudulently transferred by him to the plaintiff to hinder and delay the People's State Bank of Garden City in the collection of the note, which bank subsequently went into the hands of a receiver, was reorganized as the Fidelity

---

Fraudulent Conveyances, 27 C. J. pp. 830 n. 18, 834 n. 51.

State Bank, which latter bank succeeded to the rights of the People's State Bank under the note.

A jury answered special questions as follows:

"1. At the time E. A. Brown purchased the NW¼ of section 14, in township 22, range 35, at sheriff's sale, on the 2d day of February, 1920, did he have in his hands funds belonging to the plaintiff of this action, equal to or exceeding the amount he paid for said land? A. Yes.

"2. Did the said E. A. Brown have the land described in question No. 1, conveyed to the plaintiff in this action, for the purpose of hindering, defrauding or delaying any creditors of the said E. A. Brown? A. No.

"3. Was E. A. Brown indebted to the plaintiff in this action, in the month of January, 1925, and if so in what amount? A. No.

"4. If you answer question No. 3 in the affirmative then did the said E. A. Brown execute the deed which has been introduced in evidence for the purpose of satisfying his indebtedness to the plaintiff? A. ————.

"5. Did the said E. A. Brown execute the deed to the plaintiff, which has been introduced in evidence, for the purpose of hindering, defrauding or delaying the creditors of the said E. A. Brown? A. Yes."

The findings of the jury were adopted by the court. Judgment was rendered in favor of the plaintiff, quieting his title to 160 acres of the land in controversy, and in favor of the defendant for the remainder of it. The plaintiff appeals. Only 400 acres of the 560 acres of land are involved in this appeal.

The plaintiff moved to set aside findings numbered 3 and 5—

"I. Because said findings and each of them are not supported by the evidence, and are contrary to the evidence.

"II. Because said findings and each of them were made by the jury under a misunderstanding and misapprehension of both the law and the facts, the said jury in making said findings and each of said findings being led to believe that if the effect of the conveyance referred to in finding No. 4 was to hinder or delay the defendant in the collection of its said debt, it was thereby rendered fraudulent without regard to the intent of the parties thereto."

The only question argued is, in effect, the sufficiency of the evidence to support findings numbered 3 and 5, and to sustain the judgment of the court as to the 400 acres of land. There was evidence which tended to prove that E. A. Brown owed to the People's State Bank of Garden City $7,000 and interest thereon on a note signed by him and given to that bank; that on August 13, 1924, the People's State Bank commenced an action against E. A. Brown to recover on the note, and attached the real property in controversy; that on January 19, 1925, while that action was pending, E. A. Brown, for

a named consideration of one dollar and other good and valuable considerations, conveyed the 400 acres of land to the plaintiff; that that action was dismissed on May 15, 1925; that the defendant, by a reorganization of the People's State Bank, succeeded to the rights of the latter under the note; that, on February 4, 1926, the defendant commenced another action against E. A. Brown, and attached the real property in controversy; that the later action was prosecuted to judgment; that the real property was sold thereunder to the defendant bank; that the deed by which it claims to own the real property was then executed to it by the sheriff; and that the plaintiff was the father of E. A. Brown. The testimony given by E. A. Brown that he made the deed to pay on a debt which he owed the plaintiff was such, although uncontradicted, as justified the jury in answering question No. 3 as it did. Whether or not the evidence showed that the conveyance had been made in fraud of the rights of the holder of the note as a creditor of E. A. Brown, was for determination by the trial court. The findings were sustained by the evidence and warranted the judgment that was rendered.

The judgment is affirmed.

HUTCHISON, J., not sitting.