No. 27,748.

Ida K. Simnitt and Minnie A. Simnitt, *Appellants*, v. Emma M. Kneemeyer, as Executrix of the Estate of John H. Boettcher, Deceased, et al., *Appellees*.

(262 Pac. 554.)

#### SYLLABUS BY THE COURT.

Wills—*Mental Capacity and Undue Influence—Question of Fact.* Whether or not a testator made a will under undue influence or had sufficient mental capacity to make a will is a question of fact to be found by the trial court from the evidence. In the present action there was sufficient evidence to support the findings of the court.

Appeal from Shawnee district court, division No. 3; Otis E. Hungate, judge. Opinion filed January 7, 1928. Affirmed.

*Hal E. Harlan* and *A. M. Johnston,* both of Manhattan, for the appellants.

*Bennett R. Wheeler, S. M. Brewster* and *John L. Hunt,* all of Topeka, for the appellees.

The opinion of the court was delivered by

Marshall, J.: The plaintiffs commenced this action to set aside the will of James H. Boettcher on the ground of undue influence exercised over him and on the ground that he did not have sufficient mental capacity to make a will. The action was tried without a jury. Judgment was rendered in favor of the defendants on the evidence introduced, and the plaintiffs appeal.

The only question argued is that judgment should have been rendered in favor of the plaintiffs on the evidence. They contend that undue influence was exercised over John H. Boettcher, and that he did not have mental capacity sufficient to make a will. A proper response to these contentions compels an examination of the evidence. The plaintiffs, and the defendants Emma M. Kneemeyer and Marie L. McManes, are daughters of John H. Boettcher.

On the question of undue influence there was evidence which tended to prove that the defendant sisters attempted to keep the plaintiffs away from their father before and after the time when his will was made, and that there was dissension between the plaintiffs and their sisters over the disposition of the property of their

Insane Persons, 32 C. J. pp. 757 n. 36, 758 n. 44. Wills, 40 Cyc. pp. 1016 n. 85, 1023 n. 29, 1042 n. 67, 1165 n. 87, 1331 n. 42; 28 R. C. L. 406.

father. That evidence was hardly sufficient to establish undue influence; but if it had been, it might not have been believed by the court. The evidence of the defendants tended to prove that undue influence was not exercised.

On the question of the mental capacity of John H. Boettcher there was evidence which established that in 1922 he was, in the probate court of Shawnee county, adjudged a feeble-minded person, and a guardian was appointed for him. There was no evidence to show that he had been found restored to sanity in a proceeding instituted for that purpose. Other evidence of the plaintiffs tended to prove that he was not of sound mind and did not have sufficient mental capacity to make a will. It is not contended by the plaintiffs that the adjudication of feeble-mindedness conclusively established that Boettcher did not have sufficient mental capacity to dispose of his property by will. That adjudication was evidence of that fact, but the adjudication was not conclusive. The presumption of feeble-mindedness arising from that adjudication could be rebutted. (*Water-Supply Co. v. Root,* 56 Kan. 187, 42 Pac. 715; *Rodgers v. Rodgers,* 56 Kan. 483, 43 Pac. 779; *Mutual Life Ins. Co. v. Wiswell,* 56 Kan. 765, 44 Pac. 996; *Lower v. Schumacher,* 61 Kan. 625, 60 Pac. 538; 32 C. J. 758; 28 R. C. L. 100.) There was evidence to rebut the presumption. Boettcher might have had a lucid interval when the will was made. The following language is found in 40 Cyc. at page 1016:

"A will made by an insane person may be valid if made during a lucid interval." (See, also, 28 R. C. L. 105.)

The evidence of the defendants, including that of medical experts, tended to prove that when the will was made Boettcher was of sound mind and was capable of making a will. The whole evidence concerning the mental capacity of John H. Boettcher presented a question of fact which the court found against the plaintiffs.

That places both propositions presented within the often-declared rule that where a trial court has found facts supported by evidence the findings of the trial court are conclusive on appeal even if there was evidence to the contrary.

The judgment is affirmed.

Johnston, C. J., not sitting.