No. 27,871.

THE PEOPLES STATE BANK, *Appellant*, v. EMMA L. HILL et al.,
*Appellees*.

(263 Pac. 1045.)

SYLLABUS BY THE COURT.

1. HOMESTEADS—*Abandonment—Evidence.* There was evidence which tended to prove that the defendants, when they moved from their homestead, intended to return to it and occupy it as such, and that they did not intend to abandon it.

2. SAME—*Abandonment — Admissibility of Evidence — Declarations of Intentions.* Evidence concerning the declarations of parties claiming a homestead interest in land that they intended to return to it and occupy it as their homestead is admissible.

3. SAME—*Abandonment—Admissibility of Evidence—Attempted Sale.* In the trial of an action in which the issue was whether or not parties who owned land and occupied it as a homestead abandoned their homestead interest therein, it was proper to exclude all evidence concerning an attempted sale of the property while so occupied except that which related to the intention of the parties.

Appeal from Coffey district court; ISAAC T. RICHARDSON, judge. Opinion filed February 11, 1928. Affirmed.

*Roscoe W. Graves*, of Burlington, for the appellant.

*Joe Rolston*, of Burlington, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to set side a deed conveying real property from the defendant S. L. Hill to his wife, the defendant Emma L. Hill, and to subject the land to the payment of a judgment rendered in favor of the plaintiff and against S. L. Hill. The defendants answered, and alleged that at the time the deed was made the property was their homestead and had been for a long time prior thereto. The plaintiff contended that the homestead had been abandoned. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

The action was tried by the court without a jury, and special findings of fact were made as follows:

"First. That the plaintiff, at the time of filing the above entitled cause, was a judgment creditor of the defendant, S. L. Hill, upon a judgment duly re-

Homesteads, 29 C. J. pp. 962 n. 80, 965 n. 45; 13 R. C. L. 649, 656.

covered in the above-entitled court, and at the time said suit was filed said judgment, and no part thereof, had been paid.

"Second. That in the month of October, 1925, and long prior to the institution of the suit wherein plaintiff recovered judgment against S. L. Hill, as aforesaid, the defendant S. L. Hill and his wife, Emma L. Hill sold their outside personal property, or the most thereof, and, taking a part only of their household goods and effects, left the farm in controversy in this lawsuit in charge of a tenant and went to or near Webb City, Mo., at which place they obtained an equity in a small tract of about seven acres of land and made some improvements on it and set up housekeeping there. It appears from the evidence that the defendants took only such household goods as would supply their temporary needs, storing the balance of their household effects on the farm in question in this lawsuit and with their daughter who resided near by.

"Upon arriving at Webb City, Mo., both of the defendants, in conversations with parties living at hand, made statements which in substance clearly indicated they were trying out the residence in Webb City and were undecided as to whether they would abandon their home in Kansas and take up a permanent abode in Missouri. And shortly thereafter, in conversations with certain witnesses, they indicated they had formed a dislike for the Missouri situation and that they were coming back to their home in Kansas.

"Third. There is a plain inference, from the above and foregoing facts, that the defendants neither of them at any time intended to abandon their homestead in Kansas, to wit: on said eighty acres of land, and take up another homestead in Missouri or elsewhere; that whatever they did in the premises was temporary only.

"Fourth. That in the month of February, 1926, defendant, S. L. Hill, conveyed by warranty deed the real estate described in plaintiff's petition to the defendant Emma L. Hill, his wife. That at said time there was no suit pending against defendant, S. L. Hill, the suit in which plaintiff obtained judgment against the said S. L. Hill not having been filed until some time thereafter."

In the main, these findings recited the evidence on which the first conclusion of law by the court was reached. That conclusion was in effect a finding of fact and was as follows:

"That the real estate in question is the homestead of the defendants. That they never abandoned the same, but that the same has been their continuous homestead since the year 1919, and is their homestead at the present time."

In addition to the evidence recited in the findings of fact, there was evidence which tended to prove that the defendants at the time they moved off the property in Coffey county intended to return to it and occupy it as their homestead; that their move to Missouri was only temporary; that they at all times intended to return to the property in Coffey county, and that they never intended to abandon it as their homestead.

1. The plaintiff contends "that there was no competent evidence before the court on which it could have predicated its judgment, ex-

cepting the testimony of the Hills themselves as to their intention, and their statements of intention are so contradictory and at variance with their acts and conduct, as shown by their own testimony, that their statements of intention that their absence in Missouri was to be temporary only and with a full intention of returning and not abandoning their Kansas homestead, are unfounded." Part of the conduct of the defendants was inconsistent with and contradictory to their testimony concerning their intention to return; but another part of their conduct was consistent with and corroborated their testimony concerning that intention. That brings this case within the often declared rule of this court that where findings of fact are made by a trial court and those findings are supported by evidence, they will not be disturbed in this court. Among the last decisions following this rule are *Wilson v. Stafford,* 124 Kan. 382, 260 Pac. 627; *Moss v. Hiles,* 124 Kan. 401, 260 Pac. 526; *Brown v. Fidelity State Bank,* 124 Kan. 421, 260 Pac. 654; and *Simnitt v. Kneemeyer,* 124 Kan. 790, 262 Pac. 554.

2. The plaintiff argues that incompetent evidence was admitted on behalf of the defendants. The evidence complained of was the testimony of witnesses in Missouri who testified concerning the declared intention of the defendants to return to the property in Kansas. Declarations of the defendants that they did not intend to return to their home in Kansas would have been admissible against them. The defendants could testify concerning their intention even if evidence had been introduced to show that they had stated that they did not intend to return to Kansas. Evidence to show the acts and conduct of the defendants had been introduced. One inference that might have been drawn from the acts and conduct of the defendants was that they had abandoned the homestead. The evidence of the declarations of S. L. Hill while the defendants were living in Missouri contradicted that inference. That brings the evidence of the declarations of S. L. Hill somewhat close to the rule declared in *State v. Petty,* 21 Kan. 54, where this court said:

"When a witness is assailed on the ground that he narrated the facts differently on a former occasion, it is ordinarily incompetent to sustain him by proof that on other occasions his statements were in harmony with those on the trial. To this rule there are exceptions. Thus, where the impeachment goes to contradict the witness by prior inconsistent declarations, and charges him with a recent fabrication of his testimony, it is proper to show that the same account was given by him to other persons anterior to the date of the

alleged fabrication. In order, however, that the confirmatory statements of the witness shall be admitted, it must clearly appear that they were made antecedently to the contradictory declarations given in evidence." (Syl. ¶ 2.)

That rule has been followed in *State v. Hendricks,* 32 Kan. 559, 4 Pac. 1050; *Cloud County v. Vickers,* 62 Kan. 25, 61 Pac. 391; *Stirn v. Nelson,* 65 Kan. 419, 70 Pac. 355; and *Cereal Co. v. Alexander,* 75 Kan. 537, 542, 89 Pac. 923. The defendants owned the land in Coffey county. They were in possession of it by a tenant. In *State v. Gurnee,* 14 Kan. 111, this court said:

"Declarations made by a person in possession of land, as to the extent of his possession, are admissible as part of the *res gestœ."*

In *Hubbard v. Cheney,* 76 Kan. 222, 226, 91 Pac. 793, this court used the following language:

"The declarations of persons in possession of real property which illustrate the character of their possession and explain their claims of ownership are admissible to show the character and extent of their claims. (*The State v. Gurnee,* 14 Kan. 111.) The rule has been applied in cases where the possession and ownership of personal property was in controversy. (*Stone v. Bird,* 16 Kan. 488; *Reiley v. Haynes,* 38 Kan. 259, 16 Pac. 440; 5 Am. St. Rep. 737.)"

The declarations of a person claiming a homestead interest in the land have been introduced in evidence for the purpose of establishing that interest.

In *Cincinnati Leaf Tobacco Warehouse Co. v. Thompson,* 105 Ky. 627, the court declared that—

"Declarations made by the homesteader that his town residence was temporary and that he intended to return to the farm, made before his financial embarrassment, are competent." (Syl. ¶ 2.)

To the same effect are *Benbow v. Boyer,* 89 Ia. 494; *Mills v. Mills,* 141 Mo. 195; *Gaar, Scott & Co. v. Burge,* 49 Tex. Civ. App. 599; *Woolfolk v. Ricketts,* 48 Tex. 28.

In 29 C. J. 962 it is said:

"Declarations, unless otherwise immaterial and irrelevant, of the homesteader, or of his wife, are admissible on the issue of abandonment of homestead rights."

In 6 Encyc. of Ev. 543, 544, the following language is used:

"The acts and declarations of the husband and wife not only before but at the time of and after the acts constituting the alleged abandonment, if not inconsistent with, but tending to explain, their real purpose and intention, are entitled to consideration on the question of abandonment. Likewise, their acts and declarations during their absence from the homestead premises tend-

ing to show either an intention to permanently abandon, or to return and reoccupy the same are relevant and entitled to weight."

The evidence was competent.

3. The plaintiff complains of the exclusion of the evidence of a witness who was put on the stand by the plaintiff to testify concerning a conversation had with defendant S. L. Hill about the sale of the land. The court excluded all of the evidence of the conversation except such as may have concerned S. L. Hill's going away. The counter abstract contains the following:

"Q. Have you stated all the conversation you had with Mr. Hill relative to his going away? A. I didn't talk very much to him, only he said he was going."

"Q. The sum and substance of that conversation was he said he was going down to Missouri? A. Going down to where his son was, I believe."

The defendants were then living on the land. It was their homestead. They had the right to sell it. Whatever may have been said about the sale was incompetent, except that which concerned the purpose of making the sale and of their going away; that appears to have been admitted.

The judgment is affirmed.