Argued May 17; affirmed June 13, 1933

# SNYDER *v.* DE REMER ET AL.

(22 P. (2d) 877)

*Earl A. Nott* and *Frank Holmes,* both of McMinn-ville, for appellant.

*W. T. Vinton* and *Eugene E. Marsh,* both of Mc-Minnville, for respondents.

■■ KELLY, J. The will in suit is dated June 25, 1930. At that time Mrs. Cailey was 84 years old. On February 11, 1930, Mr. Walter Miller had been appointed guardian for her. Mr. Miller served in that capacity until her death which occurred November 15, 1930. Dr. E. E. Goucher testified that she had chronic bronchitis and arteriosclerosis, or hardening of the arteries, and in February, 1930, in addition to the maladies mentioned, she was quite ill with influenza; that she was coughing badly and was delirious. He also testified that she was subject to delusions and that both mentally and physically, she was very weak.

A number of other witnesses testified that Mrs. Cailey was subject to delusions causing her to say that she heard voices and other noises, which were figments only of her fancy; that a man, whom she named, was repeatedly in her house and at her door, while such actually was not the case, and that cats were upon the roof, although none were there, and on one occasion she applied at the place of business, where the man in question was employed, to collect room rent which she claimed he owed her, while in fact he was not her tenant and owed her nothing. Merchants testified that she sought to buy vegetables which were about to be discarded; that after purchasing various articles she would disclaim having any interest in them. Other witnesses told of her inability to recognize or identify them although for years she had been well acquainted with them.

Dr. Goucher saw her also on March 29, May 2, and June 10, 1930. He testified that she recovered from the fever which was due to the attack of influenza, but her mental condition remained the same.

Contestant urges that Mrs. Cailey was shown by the testimony of her witnesses to be without testamen-

tary capacity and that in addition thereto, the order appointing a guardian for her conclusively established her lack of such capacity.

We have no thought of discrediting contestant's testimony nor that of her witnesses as to Mrs. Cailey's conduct, but we are not able to concur in her conclusion that at the time the will was signed Mrs. Cailey was without the requisite mental capacity to execute it. We are confronted with the testimony of Mr. Vinton, the attorney who prepared the will, and that of the other attesting witnesses thereto.

Mr. Vinton testified that Mrs. Cailey, without reference to any memorandum, told him the names and places of residence of her nieces and nephews except as to two of them whom she said resided in California, but whose place of residence there she did not know; that a few months before she had given contestant $2,000 and for that reason would bequeath to contestant but one dollar; that she desired to be buried beside the grave of her husband and wanted to arrange for the future care and maintenance of the grave.

Mrs. Kathleen Cummins, a stenographer in the office of Messrs. Vinton & Marsh, attorneys for proponents, corroborated Mr. Vinton with respect to Mrs. Cailey giving the names and addresses aforesaid without reference to any memorandum. Mrs. Cummins also testified that she, Mrs. Cummins, wrote these names and addresses in longhand for Mr. Vinton's use; that Mrs. Cailey first suggested the appointment of one of her nephews as executor, but upon being advised that he was disqualified, because of nonresidence, decided that Mr. Wortman should be appointed. This testimony together with that of the other subscribing witness to the will and that of Mr. Frank Wortman, con-

vinces us that, if Mrs. Cailey was mentally deranged, she certainly had a lucid interval when she executed the will in suit. We are unwilling to disregard and discredit the testimony last mentioned, not only because of the character and standing of the witnesses so testifying, but also because we find nothing in the record which would warrant such a course. We are not unmindful of the rule that clear and convincing proof is required of the proponents as to the testamentary capacity of the testatrix in order to uphold the will in question; but we think that requirement has been met in this case.

■ A will made by an insane person may be valid if made during a lucid interval.

*In re Little's Estate,* 46 Cal. App. 776 (189 P. 818); *Succession of Ford,* 151 La. 571 (92 So. 61); *In re Weber's Estate,* 163 Minn. 389 (204 N. W. 52); *Simnitt v. Kneemeyer,* 124 Kan 790, 791 (262 P. 554); *Succession of Mithoff,* 168 La. 624 (122 So. 886); *The Case of Cochran's Will,* 1 T. B. Mon., (Ky.) 264 (15 Am. Dec. 116); *Kingsbury v. Whitaker,* 32 La. Ann. 1055 (36 Am. Rep. 278); *Succession of Bey,* 46 La. Ann. 773 (15 So. 297, 24 L. R. A. 577); *Church of St. Vincent de Paul v. Brannan,* 97 Minn. 349 (107 N. W. 141); 40 Cyc. 1016, and cases there cited in note 85.

The nature and character of the instrument in suit is such as to indicate to us that its execution was a rational and natural act. The inventory of the estate discloses a total appraisal of $20,125.45. There were eight nephews and nieces. Except the contestant, these nephews and nieces were made residuary legatees and devisees subject to the claims, expenses of administration, and a trust fund of $500 for the maintenance and care of testatrix's grave. There is nothing in the rec-

ord to indicate that there are other persons who could reasonably be considered as entitled to the testatrix's consideration. The gift of $2,000 to contestant by testatrix a few months prior to the execution of the will is admitted. The making of that gift quite naturally would be considered by Mrs. Cailey in disposing of the balance of her property. If further litigation is avoided, it may be that upon final settlement the other nieces and nephews will each receive an amount somewhat in excess of the $2,000 given to contestant, but the gift to contestant was out of hand unaccompanied by any delay or uncertainty. If much further litigation ensues, the beneficiaries under the will may not ultimately receive as much as the contestant has already obtained.

■ Contestant urges that the attorney, who prepared the will, should have advised the guardian of testatrix of that fact. In taking this position, contestant fails to distinguish between the character of the transactions which pertain to the duty of a guardian and those which may be put in operation by a last will and testament. The distinction is marked and definite. The guardian is restricted and limited to those matters needing attention during the natural life of his ward. He is not, nor can he be, concerned in anything which affects her estate only after her death. The effect of her will, on the other hand, is limited and restricted to that which may transpire only after her death.

■ While it has been earnestly argued, both in contestant's brief and during the oral argument, that the order declaring Mrs. Cailey an incompetent and appointing a guardian for her is conclusive, and, in and of itself, constitutes an insuperable obstacle to the execution by her of a valid will, we are unwilling to re-

cede from the former holdings of this court upon that question. *Clark v. Clark et al.,* 125 Or. 333 (267 P. 534) ; *Collins v. Long,* 95 Or. 63 (186 P. 1038, 8 A. L. R. 1370) ; *Sturtevant v. Sturtevant,* 92 Or. 269 (178 P. 192) ; *Ames v. Ames,* 40 Or. 495 (67 P. 737).

For these reasons, the decree of the circuit court is affirmed; and it is further ordered that the costs and disbursements, both of contestant and contestee, be borne by the estate.

BEAN, CAMPBELL, and ROSSMAN, JJ., concur.

RAND, C. J., did not participate in this decision.